Joseph L. BECKERS, and Daniel J. Miotke, on behalf of themselves and as representatives of a class of all other purchasers of snowmobiles and snowmobile supplies in the United States, Appellants,

v.

INTERNATIONAL SNOWMOBILE INDUSTRY ASSOCIATION, AMF, Inc., Arctic Enterprises, Inc., Boa-Ski Limited, Bombardier Limited, Coleman Co., Inc., Deere & Co., Kawasaki Motor Corp. U.S.A., Massey-Ferguson, Inc., Brunswick Corporation, Outboard Marine Corporation, Scorpion, Inc., Skiroule, Lt'ee, Sno-Jet, Inc., Textron, Inc., U. S. Suzuki Motor Corporation, Limited, Yamaha Motor Company Limited, Appellees.

No. 78–1035.

United States Court of Appeals, Eighth Circuit.

Submitted May 19, 1978.

Decided Aug. 21, 1978.

Rehearing and Rehearing En Banc Denied Sept. 15, 1978.

---

John E. Thomas of Cochrane & Bresnahan, St. Paul, Minn., for appellants.

Hugh Latimer of Bergson, Borkland, Margolis & Adler, Washington, D. C., for appellees.

Robert R. Weinstine, Steven C. Tourek, Oppenheimer, Wolff, Foster, Shepard and Donnelly, St. Paul, Minn., for defendant Arctic Enterprises, Inc.

Stuart W. Rider, Jr., Rider, Bennett, Egan, Johnson & Arundel, Minneapolis, Minn., John T. Loughlin, Robert W. Sheppy, Bell, Boyd, Lloyd, Haddad & Burns, Chicago, Ill., for defendant Deere & Co.

Frank Claybourne, Robert J. Schmit, Doherty, Rumble & Butler, St. Paul, Minn., for defendant Kawasaki Motor Corp. U. S. A.

Edward J. Parker, Timothy Butler, Lindquist & Vennum, Minneapolis, Minn., for defendant Brunswick Corp.

Frank Hammond, Briggs & Morgan, St. Paul, Minn., for defendant Outboard Marine Corp.

Irving R. Brand, Maslon, Kaplan, Edelman, Borman, Brand & McNulty, Minneapolis, Minn., for defendant Scorpion, Inc.

Elliot S. Kaplan, Robins, Davis & Lyons, Minneapolis, Minn., Henry P. Sailer, Covington & Burling, Washington, D. C., for defendant Textron, Inc.

Hugh Latimer, Robert W. DeVos, Jr., Bergson, Borkland, Margolis & Adler, Washington, D. C., for defendant AMF Inc.

Gordon G. Busdicker, Gordon B. Conn, Jr., Faegre & Benson, Minneapolis, Minn., for defendants AMF Inc. and U. S. Suzuki Motor Corp., Limited.

Peter Dorsey, Robert A. Schwartzbauer, Dorsey, Windhorst, Hannaford, Whitney & Halladay, Minneapolis, Minn., for defendants International Snowmobile Industry Association, Bombardier Ltd. and Coleman Co., Inc.

Richard D. Allen, Richard D. Allen Ltd., Minneapolis, Minn., for Yamaha Motor Co. Limited.

Connor F. Schmid, Mackall, Crounse & Moore, Minneapolis, Minn., for defendant Massey-Ferguson, Inc.

Before VAN OOSTERHOUT, Senior Circuit Judge, and LAY and HENLEY, Circuit Judges.

HENLEY, Circuit Judge.

Appellants, purchasers of snowmobiles, brought this antitrust class action alleging that appellees had engaged in several anticompetitive practices, including resale price maintenance. The district court [1] held that as "indirect purchasers," appellants were precluded from maintaining their action under *Illinois Brick Co. v. Illinois*, 431 U.S. 720, 97 S.Ct. 2061, 52 L.Ed.2d 707 (1977). The court granted appellees' motion for summary judgment. We affirm.

I.

Appellants, having purchased their snowmobiles for personal use, are ordinary consumers. It is conceded that the snowmobiles were purchased from retailers. None was purchased directly from any of the appellees, which include manufacturers, distributors, and a trade association.

In *Hanover Shoe, Inc. v. United Shoe Machinery Corp.*, 392 U.S. 481, 88 S.Ct. 2224, 20 L.Ed.2d 1231 (1968), the Supreme Court held that, except in certain limited circumstances, antitrust defendants may not raise as a defense that plaintiff, who purchased directly from the defendants, had passed-on the illegal overcharge to other "indirect purchasers." In *Illinois Brick Co. v. Illinois, supra*, the Court merely extended the rationale of *Hanover Shoe* and held that indirect purchasers could not sue for treble damages claiming that the overcharge had been "passed-on" to them. In short, *Illinois Brick* held that "pass-on", which was not permitted to be used defensively in *Hanover Shoe*, could not be asserted offensively by indirect purchasers. See *Illinois Brick Co. v. Illinois, supra*, 431 U.S. at 735, 97 S.Ct. 2061. Thus, after *Illinois Brick*, only "the overcharged direct purchaser, and not others in the chain of manufacture or distribution" may sue for treble damages under section 4 of the Clayton Act. *Id.* at 729, 97 S.Ct. at 2066.

The Court in *Illinois Brick* noted, however, that *Hanover Shoe*, while stressing the narrow scope intended for any exception to the general rule, cited a preexisting cost-plus contract as a situation in which the defense of "pass-on" might be permitted. The Court then stated:

Another situation in which market forces have been superseded and the pass-on defense might be permitted is where the direct purchaser [from whom plaintiffs purchased] is owned or controlled by its customer.

*Illinois Brick Co. v. Illinois, supra*, 431 U.S. at 736 n. 16, 97 S.Ct. at 2070 n. 16.

Appellants argue in this appeal that appellees had controlled the sales practices of the retailers from whom they purchased and had engaged in resale price maintenance. This, they argue, falls within the exceptions to *Illinois Brick* articulated above. Thus, appellants argue, despite their status as indirect purchasers, they are not precluded from maintaining their action. Because of the procedural grounds upon which we base our disposition of this appeal, we need not decide this question.

---

[1]. The Honorable Donald D. Alsop, United States District Court for the District of Minnesota.

## II.

In support of their summary judgment motion, appellees filed affidavits with the district court. *See* Fed.R.Civ.P. 56(b). These affidavits controverted appellants' allegation that appellees had controlled the retailers from whom appellants had purchased their snowmobiles. Thus, as the district court found, the affidavits negated appellants' contention that appellees' alleged violations constituted an exception to *Illinois Brick.* The district court stated:

> The facts [as] set forth in the affidavits supplied by the defendants are uncontroverted. . . . The persons from whom the named plaintiffs did make direct purchases neither controlled nor were controlled by either the plaintiffs or the defendants. In addition, neither the named plaintiffs nor the persons from whom these plaintiffs did make direct purchases made any direct purchases pursuant to a cost-plus contract.

Apparently resting upon the allegations set forth in their complaint, appellants did not file counter-affidavits or engage in or attempt to engage in any discovery. Fed.R. Civ.P. 56(e) provides that a party opposing a motion for summary judgment:

> may not rest upon the mere allegations . . . of his pleading, but . . . by affidavits . . . [the party] must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

In *Wilmar Poultry Co. v. Morton-Norwich Products, Inc.,* 520 F.2d 289 (8th Cir. 1975), *cert. denied,* 424 U.S. 915, 96 S.Ct. 1116, 47 L.Ed.2d 320 (1976), we held that summary judgment is always appropriate in antitrust cases, whether or not the complaint alleges a violation of the antitrust laws, when "the party resisting the motion . . . [merely relies] upon the pleadings and submits no evidence to rebut the moving party's conclusive demonstration of absence of a genuine issue of material fact." *Id.* at 293; *see First National Bank of Arizona v. Cities Service Co.,* 391 U.S. 253, 288–90, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1967). It is

clear, as the district court found, that appellants failed to rebut appellees' affidavits in this case.

Appellants contend that, because many of the facts underlying this complicated action are within the knowledge and control of appellees, they were unable to file affidavits or engage in discovery. As the district court noted, however, appellants failed to request a continuance or to seek any other relief under Fed.R.Civ.P. 56(f), which provides:

> Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

In order to obtain relief under Fed.R. Civ.P. 56(f), a party must "state by affidavit the *reasons why* he is unable to present the necessary opposing material. . . . [The] affidavit . . . need not contain evidentiary facts going to the merits of the case; rather, it is merely a sworn statement explaining why these facts cannot yet be presented." C. Wright & A. Miller, Federal Practice and Procedure § 2740 at 722–23 (1973).

Appellants merely filed a statement in opposition to appellees' motion for summary judgment. The statement included a substantive argument that appellants' claims were an exception to *Illinois Brick.* Appellants did not file an affidavit setting forth reasons why they were unable effectively to rebut appellees' affidavits or to engage in discovery.

Having failed to rebut appellees' affidavits, or to file an affidavit explaining why they were unable to do so, appellants did not sufficiently establish the existence of a material factual dispute concerning their contention that, despite their status as indirect purchasers, their claims constituted an exception to *Illinois Brick.* Thus, summary judgment was appropriate.

■ We affirm the judgment of the district court.[2]

LAY, Circuit Judge, concurring.

I concur in the result reached. I do not, however, concur in footnote 2 for the reasons set forth in my dissenting statement to a denial of the rehearing en banc in *Reiter v. Sonotone Corp.*, 579 F.2d 1077 (8th Cir.) 1978.

**2.** Alternatively, we note that appellants' action is barred by our recent decision in *Reiter v. Sonotone Corp.*, 579 F.2d 1077 (8th Cir. June 19, 1978). In that case, we held that consumers failing to allege a commercial or competitive injury do not suffer injury to "business or property" under § 4 of the Clayton Act, 15 U.S.C. § 15 (1976), and may not sue for treble damages.