**CASSIDY, INC., a Minnesota Corporation, Appellant,**

v.

**Peter HANTZ, Individually, and Peter Hantz Company, a California Corporation, Appellees.**

No. 83–1061.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 30, 1983.

Decided Oct. 5, 1983.

Larkin, Hoffman, Daly & Lindgren, Ltd., Robert E. Boyle, Minneapolis, Minn., for appellant.

O'Connor & Hannan, James R. Dorsey, Richard L. Evans, Minneapolis, Minn., for appellees.

Before BRIGHT, ROSS and McMILLIAN, Circuit Judges.

## PER CURIAM.

Cassidy, Inc., a Minnesota corporation, appeals from the district court's[1] grant of partial summary judgment dismissing Peter Hantz as a party defendant. For reversal appellant argues that the district court (1) did not afford it a sufficient opportunity to engage in discovery as required by Fed.R. Civ.P. 56(c) and (f), and (2) granted Hantz's motion for partial summary judgment without viewing the evidence in the light most favorable to appellant and giving it the benefit of all reasonable inferences. We affirm.

Appellant brought an action for goods sold and delivered in Minnesota state court against Peter Hantz both individually and d/b/a The Peter Hantz Company (hereafter PHC). Peter Hantz was a California resident. PHC was incorporated and had its principal place of business in California. Hantz removed the action to the United States District Court for the District of Minnesota and on September 23, 1982, filed a motion for summary judgment. Hantz argued that he was not a proper party to the action because the agreement on which appellant's action was based was between appellant and PHC, the corporation, and not Peter Hantz acting individually or as a sole proprietorship, partnership, or other business entity.

In support of his motion, Hantz submitted an affidavit stating that he was the president of PHC and one of its two stockholders. Hantz further stated that PHC was incorporated in California on May 8, 1980, and since that time he had not done business under the name "Peter Hantz Company" except as an agent for the corporation. Hantz averred that in his dealings with appellant, he had never represented himself to be acting on his own behalf or in any capacity other than as an agent for PHC. Hantz attached numerous sworn copies of documents to his affidavit to demonstrate that appellant knew or should have known PHC was a corporation rather than

---

1. The Honorable Donald D. Alsop, United States District Judge for the District of Minnesota.

an individual or sole proprietorship. One of these documents, entitled "AGREEMENT BETWEEN CASSIDY, INC. AND PETER HANTZ CO.," was a contract appellant prepared, signed, and mailed to PHC on June 11, 1981. The contract was executed in the following manner:

PETER HANTZ COMPANY

Signed by: ——————————————
         Peter Hantz      Emile Lemoine

Dated: ——————————————

CASSIDY, INC.: ATTEST

Signed: /s/   Gene Cassidy
        Gene Cassidy

Dated: ——————————————

Other documents attached to the motion included a series of invoices from appellant addressed to "Peter Hantz Company" and correspondence from appellant addressed to "Peter Hantz, Peter Hantz Company."

On September 27, 1982, just four days after Hantz filed his motion for summary judgment, the district court permitted appellant to amend its complaint to join PHC as a party defendant. On October 15, 1982, the district court heard oral argument on the summary judgment motion and shortly thereafter granted partial summary judgment, dismissing the complaint against Peter Hantz individually and d/b/a The Peter Hantz Company. The court further directed the entry of a final judgment under Fed.R.Civ.P. 54(b) with respect to all claims against Peter Hantz.

Appellant alleges that the trial court granted partial summary judgment in violation of Fed.R.Civ.P. 56(c) and (f) because it did not afford appellant a sufficient opportunity to engage in discovery. Appellant claims that it had an outstanding notice to take the deposition of Peter Hantz and was in the process of arranging a time and place for the deposition when the court entered its judgment. Appellant maintains that Hantz's deposition was essential to oppose Hantz's motion for summary judgment.

Fed.R.Civ.P. 56(c) provides that the party opposing a motion for summary judgment may submit affidavits to show that summary judgment is inappropriate because there is a genuine issue for trial.

According to Fed.R.Civ.P. 56(f), however, "[s]hould it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may ... order a continuance to permit ... depositions to be taken or discovery to be had ...." At the hearing on the motion for summary judgment, appellant did not request a continuance to conduct further discovery or state by affidavit why any essential opposing material was unavailable. In these circumstances, appellant cannot complain that the district court did not provide it an adequate opportunity to conduct discovery. *See Beckers v. International Snowmobile Industry Ass'n*, 581 F.2d 1308, 1311 (8th Cir.1978), *cert. denied*, 440 U.S. 986, 99 S.Ct. 1801, 60 L.Ed.2d 248 (1979); C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure* § 2741 at 545–58 (1983).

Appellant also argues that the district court employed an improper standard in considering the summary judgment motion. In reviewing a decision of the district court to grant summary judgment, this court applies the same standard as the trial court. *Butler v. MFA Life Insurance Co.*, 591 F.2d 448, 451 (8th Cir.1979). "[T]he court is required to view the facts in the light most favorable to the party opposing the motion and to give that party the benefit of all reasonable inferences to be drawn from the underlying facts disclosed in pleadings and affidavits filed in the case." *Vette Co. v. Aetna Casualty & Surety Co.*, 612 F.2d 1076, 1077 (8th Cir.1980). Appellant argues that the documents relied upon by the district court as indicia of the corporate character of PHC are ambiguous and could just as easily be interpreted to indicate a partnership, sole proprietorship, or unincorporated association. We disagree. Under Minnesota law, the use of "company" in the name of a business signifies the corporate character of the entity. Minn.Stat.Ann. § 302a.115 subd. 1(b) (West 1983). Moreover, the contract was "signed by" Peter Hantz and Emile Lemoine. According to the Restatement (Second) of Agency § 156 comment a (1957):

Any signature or description from which it appears that the parties intend that the principal and not the agent shall be a party is efficacious in creating an inference that the principal is a party. In the absence of a contrary manifestation in the document, the following signatures and descriptions, among others, create an inference that the principal and not the agent is a party: The principal's name followed by the agent's name preceded by a preposition such as "by" or "per" .... See *Carlesimo v. Schwebel,* 87 Cal.App.2d 482, 197 P.2d 167, 170 (1948) ("by" immediately before signature discloses fact signatory is acting in representative capacity only). *See generally* 7 W. Fletcher, *Cyclopedia of the Law of Private Corporations* § 3034 (rev. perm. ed. 1978).

■ The district court found that appellant had submitted no evidence showing that Peter Hantz had acted in his individual capacity or sought to hold him personally liable by piercing the corporate veil or alleging fraud. Appellant failed to rebut by counteraffidavits the assertion in Hantz's affidavit that he never represented himself to be acting on his own behalf or in any capacity other than as an agent for PHC in his dealings with appellant. A party opposing a motion for summary judgment "may not rest upon the mere allegations ... of his pleading, but ... by affidavits ... must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." *See* Fed.R.Civ.P. 56(e). Because appellant failed to provide any specific facts to demonstrate that Hantz dealt with appellant in his individual capacity, the district court correctly granted partial summary judgment in his favor. *See Burst v. Adolph Coors Co.,* 650 F.2d 930, 932 (8th Cir.1981).

Accordingly, the judgment of the district court is affirmed.