Kevin E. KRZYSKE, Plaintiff,

v.

UNITED STATES of America,
Defendant.

Civ. A. No. 83–6335.

United States District Court,
E.D. Michigan, S.D.

Jan. 31, 1984.

Kevin E. Krzyske, pro se.

Maxine C. Champion, Tax Div., U.S.
Dept. of Justice, Washington, D.C., for defendant.

## ORDER

JOINER, District Judge.

This case is before the Court on defendant's motion to dismiss and for an award of attorney's fees. For the reasons stated herein, the motion to dismiss is granted, but the motion for attorney's fees is denied.

The underlying action is a petition to quash an I.R.S. summons that was issued to the employer of the plaintiff, Krzyske Brothers Co. The summons directed the employer to surrender to an I.R.S. Special Agent copies of the plaintiff's payroll stubs, W–4 forms, and W–2 forms for the years 1978–82. Attached to the motion to dismiss is a copy of an affidavit from one Emil Krzyske, President of Krzyske Brothers, who states that he supplied to the Special Agent copies of the documents identified by the summons.

The government argues in this motion that the petition is infirm for two reasons. First, it argues that the statute which confers upon the District Courts jurisdiction to quash a third-party I.R.S. summons does not apply when the summons is issued, as here, to the employer of the target of the I.R.S. investigation. Second, it argues that, in light of the fact that the custodian has already disclosed the summoned documents, the case is moot.

The Court agrees that plaintiff's employer is not a "third party recordkeeper" as that term is employed by § 7609 of the Internal Revenue Code, *see United States v. Shivlock,* 459 F.Supp. 1383 (D.Colo.1978), *aff'd sub nom, United States v. Income Realty and Mortgage, Inc.,* 612 F.2d 1224 (10th Cir.1979). Krzyske Brothers Company, which is alleged to be in the business of operating a hardware store and lumber yard, does not meet the definitions of any of the enumerated categories of third-party recordkeepers established by § 7609(a)(3)[1]. As such, plaintiff is not entitled to institute proceedings to quash the summons under § 7609(b)(2)[2]. The Court finds that it is without jurisdiction to entertain this action, as plaintiff has failed to identify any statutory source of authority which provides this Court with power to quash the subject subpoena.

Further, insofar as the plaintiff relies upon the Supreme Court case of *United States v. Lasalle National Bank,* 437 U.S. 298, 98 S.Ct. 2357, 57 L.Ed.2d 221 (1978) which may be read to have created judicial limitations upon the use of documentary evidence obtained by the I.R.S. pursuant to its summons power under 26 U.S.C. § 7602

1. That subsection of the Internal Revenue Code provides as follows:

> (3) Third-party recordkeeper defined—for purposes of this subsection, the term "third-party recordkeeper" means—
> (A) any mutual savings bank, cooperative bank, domestic building and loan association, or other savings institution chartered and supervised as a savings and loan or similar association under Federal or State law, any bank (as defined in section 581), or any credit union (within the meaning of section 501(c)(14)(A);
> (B) any consumer reporting agency (as defined under section 603(d) of the Fair Reporting Act (15 U.S.C. 1681a(f)));
> . (C) any person extending credit through the use of credit cards or similar devices;
> (D) any broker (as defined in section 3(a)(4) of the Securities Exchange Act of 1934 (15 U.S.C. 78c(a)(4)));
> (E) any attorney;
> (F) any accountant; and

> (G) any barter exchange (as defined in section 6045(c)(3).

2. That subsection of the Code provides as follows:

> (b) Right to intervene; right to proceeding to quash—
> (1) Intervention
> . . . .
> (2) Proceeding to quash.—
> (A) In general.—Notwithstanding any other law or rule of law, *any person who is entitled to notice of a summons under subsection (a)* shall have the right to begin a proceeding to quash such summons not later than the 20th day after the date such notice is given in the manner provided in subsection (a)(2). In any such proceeding, the Secretary may seek to compel compliance with the summons. (emphasis added).

Subsection (a) of § 7609 provides that a person is entitled to notice only if the summons is "served on an person who is a third-party recordkeeper" (emphasis added).

in a subsequent criminal investigation for tax fraud, this case is distinguishable on its facts from *Lasalle National Bank.* In that case, the custodian third-party record-keeper, to whom the summons was issued, brought the action to quash the summons. The custodian bank, which was the entity against whom the coercive power of the summons was directed, clearly had standing to object to the summons on the grounds that the summons power of the I.R.S. was being improperly used in aid of a criminal investigation. In the instant case, however, the third-party recordkeeper has voluntarily complied with the summons and surrendered the documents to the I.R.S. Special Agent. To the extent that § 7609 has given the target of an I.R.S. investigation standing to object to a summons issued to a third-party recordkeeper, that statute is not applicable for the reasons stated above.

Finally, the Court would note that the mootness argument of the government is misplaced. Assuming that the plaintiff had standing to seek an order to quash the summons, the fact that documents described in the summons had already been disclosed to the I.R.S. does not render the controversy moot. As the Supreme Court recently stated, improper disclosure of confidential information to government officials creates an ongoing injury which is exacerbated by the continuing possession of the information by those officials, *United States v. Sells Engineering, Inc.,* — U.S. —, —, n. 6, 103 S.Ct. 3133, 3137, n. 6, 77 L.Ed.2d 743 (1983).

The Court further holds that this petition was not so frivolous as to justify an award of costs and attorney's fees against the plaintiff. Despite the apparently uniform construction of § 7609 by the Courts so as to prevent its application in a case such as this, the position taken by the plaintiff was not insupportable or outlandish. This is especially so in light of the fact that plaintiff is a lay person attempting to deal with a complex statutory scheme which often bedevils sophisticated attorneys.

Finally, the Court notes that plaintiff filed a motion for extension of time in which to respond to this motion brought by the government. The motion was filed on November 8, and plaintiff filed his response on November 18. There has been ample time since then for plaintiff to supplement his response with additional material. He has failed to do so. In light of this fact, coupled with the fact that the Court has been unable, in the course of its own research on this issue, to find any support for the position urged by plaintiff, the motion for extension of time is hereby denied.

SO ORDERED.