**Cecilia NUTTLEMAN, Plaintiff,**

v.

**Dennis VOSSBERG and Jerome Gabriel, Defendants.**

**Civ. No. 82–0–702.**

United States District Court, D. Nebraska.

March 6, 1984.

Cecilia Nuttleman, pro se.

Richard H. Gregory, III, Trial Atty., Tax Div., Dept. of Justice, Washington, D.C., for Dennis Vossberg.

Crosby, Guenzel, Davis, Kessner & Kuester, Lincoln, Neb., for Jerome Gabriel.

SCHATZ, District Judge.

This case is an action originally brought in the District Court for Polk County, Nebraska, and subsequently removed to this Court upon petition by the United States. The plaintiff, Cecilia Nuttleman, filed her pro se complaint against Dennis Vossberg, an Internal Revenue Service agent, and Jerome Gabriel, general manager of the Farmers Cooperative Business Association in Shelby, Nebraska, alleging generally that defendants' conduct has violated her constitutional rights to due process and other civil rights protected under the provisions of 42 U.S.C. §§ 1983 and 1985 (Supp. V 1981). Defendants individually have filed motions to dismiss for failure to state a claim upon which relief may be granted. Pursuant to 28 U.S.C. § 636 (1976 & Supp. V 1981), the Court referred the defendants' motions to the United States Magistrate for submission of findings and recommendations. The magistrate recommended that the motions to dismiss be treated as motions for summary judgment, that such motions be granted as to both defendants, and that the plaintiff's complaint be dismissed. After careful consideration of the pleadings, exhibits, declarations and briefs filed by the parties, and noting that no objections have been filed to the findings and recommendations of the magistrate, the Court now enters this memorandum opinion wherein the Court adopts the recommendations of the magistrate and finds that defendants' motions to dismiss are well taken and should be granted.

The facts are these. On February 5, 1982, defendant Vossberg served an IRS summons on defendant Gabriel for any records in the possession of Farmers Cooperative pertaining to business transactions with Roy Nuttleman, Cecilia Nuttleman, L

& M Enterprise Trust, Pinto Trust, or any combination thereof for the period January 1, 1978, through December 31, 1980. On February 22, 1982, Vossberg contacted Gabriel regarding whether compliance with the summons was forthcoming. Gabriel responded that he had been requested by the Nuttlemans not to provide any records to the Internal Revenue Service. Despite this request, Gabriel subsequently made photocopies of the requested documents available to agent Vossberg.

Following presentation of the documentation, plaintiff brought the present action. Essentially, she alleges that, under 26 U.S.C. § 7609 (1982), Farmers Cooperative was a "third-party recordkeeper." Therefore, she claims entitlement under that statute to receive notice and an opportunity to intervene prior to compliance with the summons. Since no notice was accorded, plaintiff alleges that defendant Vossberg denied her due process of law and violated the United States Constitution, the Nebraska Constitution, the Civil Rights Act of 1964, and 42 U.S.C. §§ 1983 and 1985. As to defendant Gabriel, plaintiff alleges that by complying with the IRS summons, Gabriel knowingly and willingly denied her the statutory right to intervene. Plaintiff seeks an award of $1,500,000.00 from each defendant.

Clearly the viability of any of the plaintiff's claims depends upon whether she was entitled to receive notice and have an opportunity to intervene prior to compliance with the IRS summons.

Each defendant has attached to his respective motion to dismiss a statement made under penalty of perjury. Since materials outside the pleadings have been submitted for consideration by the Court, pursuant to Fed.R.Civ.P. 12(b) the motions to dismiss must be treated as motions for summary judgment. Rule 56 provides that summary judgment shall be granted if the matters on file show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. However, in considering such a motion, "the court is required to view the facts in the light most favorable to the party opposing the motion and to give that party the benefit of all reasonable inferences to be drawn from the underlying facts disclosed in pleadings and affidavits filed in the case." *Cassidy, Inc. v. Hantz,* 717 F.2d 1233, 1235 (8th Cir.1983), *quoting Vette Co. v. Aetna Casualty & Surety Co.,* 612 F.2d 1076, 1077 (8th Cir.1980).

With this in mind, an analysis of plaintiff's claims is made. Title 26, U.S.C. § 7609 provides in pertinent part:

(a) Notice.

(1) In general

If—

(A) any summons described in subsection (c) is served on any person who is a third-party recordkeeper, and

(B) the summons requires the production of any portion of records made or kept of the business transactions or affairs of any person (other than the person summoned) who is identified in the description of the records contained in the summons,

then notice of the summons shall be given to any person so identified within 3 days of the day on which such service is made, but no later than the 23rd day before the day fixed in the summons as the day upon which such records are to be examined. Such notice shall be accompanied by a copy of the summons which has been served and shall contain an explanation of the right under subsection (b)(2) to bring a proceeding to quash the summons.

\* \* \* \* \* \*

(3) Third-party recordkeeper defined

For purposes of this subsection, the term "third-party recordkeeper" means—

(A) any mutual savings bank, cooperative bank, domestic building and loan association, or other savings institution chartered and supervised as a savings and loan or similar association under Federal or State law, any bank (as defined in section 581), or any cred-

it union (within the meaning of section 501(c)(14)(A));

 (B) any consumer reporting agency (as defined under section 603(d) of the Fair Credit Reporting Act (15 U.S.C. 1681a(f)));

 \* \* \* \* \* \*

 (F) any accountant;

 \* \* \* \* \* \*

Under this statute, a taxpayer's right to receive notice of a third-party summons and to intervene in enforcement exists only where the summons is directed to a third-party recordkeeper as defined in 7609(a)(3). Therefore, inquiry must initially be directed toward whether Farmers Cooperative Business Association is a third-party recordkeeper under the statute. Plaintiff specifically argues that the Farmers Cooperative is either a consumer reporting agency under Section 7609(a)(3)(B) or an accountant under Section 7609(a)(3)(F).

 A "consumer reporting agency" is defined under the Fair Credit Reporting Act at 15 U.S.C. § 1681a(f) (1982) as:

 any person which \* \* \* regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

Plaintiff alleges in her brief that submission by Farmers Cooperative of year-end records to the Department of Treasury indicates its status as a third-party recordkeeper under the above definition of consumer reporting agency. However, Section 1681a(d) specifically excludes from the parameters of "consumer report" any report "containing information solely as to transactions or experiences between the consumer and the person making the report." 15 U.S.C. § 1681a(d)(A) (1982). Thus, where a business is furnishing information based solely on its experience with a consumer, the information is not a con-

sumer report and, in that situation, the business is not a consumer reporting agency. *United States v. Berg*, 636 F.2d 203, 206 (8th Cir.1980); *Freeman v. Southern National Bank*, 531 F.Supp. 94, 95 (S.D. TX.1982). This rationale is clearly applicable to plaintiff's claim. Farmers Cooperative is an entity which markets grain on a cooperative basis grown by its members. The IRS summons specifically sought only "records pertaining to business transacted" with the plaintiff. Therefore, in regard to this particular summons, the information provided by Farmers Cooperative was not a consumer report under 15 U.S.C. § 1681a(d), Farmers Cooperative thus was not a consumer reporting agency under § 1681a(f), and the result obtains that Farmers Cooperative was not a third-party recordkeeper under 26 U.S.C. § 7609(a)(3)(B). Given the foregoing, plaintiff was not entitled to receive notice of the summons.

 Alternatively, plaintiff alleges that Farmers Cooperative is an "accountant" under 26 U.S.C. § 7609(a)(3)(F) and, on this basis, she was entitled to receive notice. As stated previously, Farmers Cooperative markets grain grown by participating members. It is not engaged in the business of accounting, as that word is commonly used, although it may retain an accountant for purposes of maintaining its own business records. Therefore, the contention that Farmers Cooperative is an accountant under Section 7609(a)(3)(F) wholly lacks merit and requires no further discussion.

 In summary, it is clear that plaintiff was not entitled under 26 U.S.C. § 7609 to receive notice of issuance of the IRS summons. Therefore, since defendant Vossberg issued a lawful summons and defendant Gabriel complied with such in good faith, their actions do not give rise to any cause of action under the United States Constitution, the Nebraska Constitution, 42 U.S.C. §§ 1983 and 1985 or the Civil Rights Act of 1964.

 Defendant Gabriel urges an award of attorney fees and costs upon a finding that plaintiff's action has been instituted in

bad faith. Although plaintiff's claims have been found to lack merit, the record is factually insufficient for this Court to exercise its discretion in favor of such an award. Based upon the foregoing discussion, defendants' motions to dismiss (Filing Nos. 5 and 6) are well taken and a separate order granting the same and dismissing the complaint is filed herein.