Albert and Sandra **SCHLICK,**
Petitioners,

v.

**UNITED STATES of America,**
Respondent.

No. 83 C 2856.

United States District Court,
N.D. Illinois, E.D.

April 24, 1984.

Donald A. Statland, Chicago, Ill., for petitioners.

Ronald F. Fischer, Trial Atty., Tax Div., Dept. of Justice, Washington, D.C., Eileen M. Marutzky, Asst. U.S. Atty., Chicago, Ill., for respondent.

## MEMORANDUM OPINION AND ORDER

PARSONS, District Judge.

This case was begun by a petition by plaintiffs to quash the service of summonses issued by the Internal Revenue Service to a Frederick D. Rawles, who is the Secretary and Registered Agent for two of plaintiffs' corporations, and to a Lee H. Frank, who is the plaintiffs' accountant. The plaintiffs moved to quash the summons on the ground that Rawles and Frank were "third-party recordkeepers" and under the provisions of the applicable federal law, their status as third-party recordkeepers

gives the taxpayer (Schlick) the right to intervene and begin a proceeding to quash the summonses.

This case is one of the first filed in this district demanding an interpretation of the new Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA) which took effect on January 1st of 1983. The facts are sufficient in the pleadings and uncontroverted representations of the parties to permit me to rule dispositively on the matter.

The Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA) affected many areas of Title 26—the Internal Revenue Code, from tax deductions to casualty losses. The only provision of the new law which concerns us in this *Schlick case* is § 7609 which changes the procedure by which the taxpayer can prevent a "third-party recordkeeper" from complying with an administrative summons.

Under the old law, if a summons were issued to a third-party recordkeeper, notice had to be given to the taxpayer by the government and the taxpayer could prevent the third-party from complying by writing a stay letter to the third party. The government then had to go to the District Court to enforce the summons and the noticee (taxpayer) could intervene and object to the summons. Under TEFRA, the summons must be complied with unless the taxpayer begins a proceeding to quash the summons.

In the *Schlick case* here, the government issued two summonses to Mr. Rawles, Secretary and Registered Agent for two of Mr. Schlick's corporations. Mr. Rawles is also an attorney. The government also issued one summons to Mr. Frank, the Schlicks' accountant. The government's first argument is that taxpayer Schlick has no right to enter a motion to quash the summons because Mr. Rawles is not a third-party recordkeeper.

Section 7609 waives sovereign immunity and grants a right to sue the United States in the limited case of a petition to quash summons. Only persons entitled to notice under § 7609 may sue, and a person is not entitled to notice unless a summons is issued to a "third-party recordkeeper."

Under the statute,* a third-party recordkeeper is:

(A) any mutual savings bank, cooperative bank, savings and loan, etc.

(B) any consumer reporting agency;

(C) any person extending credit through credit cards;

(D) any broker;

(E) any attorney;

(F) any accountant; and

(G) any barter exchange.

In order for the taxpayer to have a right to receive notice of the summons and have the right to file a motion to quash, the summons must require "the production of any portion of records made or kept of the business transactions or affairs of any person (other than the person summoned) who is identified in the description of the records..." § 7609(a)(1)(B).

■ Indeed, Mr. Rawles is an attorney, but he is not an independent third-party. He is Secretary and Registered Agent of Mr. Schlick's two corporations, and the summonses were issued to him in that capacity. In the legislative history, records of this type are not within the scope of § 7609. The summonses do not seek data about some third party's transactions with the taxpayer but seek the corporations' records about themselves or about their own two-party dealings with Mr. Schlick. An example used in Senate Report # 94–938 (94th Cong., 2d Sess. 369), U.S.Code Cong. & Admin.News 1976, p. 2897 relates to an administrative summons served on a partnership (which would fit into one of the categories in § 7609(a)(3)) with respect to records of the partnership's own transactions. This summons would not be subject to § 7609 because the partnership was not involved in making or keeping records involving transactions with other persons. Another example can be found in Commerce Clearing House Regulations ¶ 5930 CB which states that an accountant is not a

* 26 U.S.C. § 7609(a)(3)

third-party recordkeeper with respect to the accountant's records of a sale of property by the accountant to another person. Generally and under normal circumstances when the accountant is giving advice to a client, the accountant is a third-party recordkeeper.

The corporation in this case is in much the same position as the accountant who is himself dealing with another person. A corporation can act only through its officers, and Mr. Rawles is its Secretary and Registered Agent. Therefore, Mr. Rawles, inspite of being an attorney, is in the position of a second party and not in the position of an independent attorney rendering advice to the taxpayer, as contemplated by the statute. Mr. Rawles is not a third-party recordkeeper and the taxpayers are not entitled to bring this petition to quash the summons. The petition to quash the summonses issued to Mr. Rawles must be dismissed.

As I said earlier, the government also issued a summons to Mr. Lee Frank, the Schlicks' accountant. Mr. Frank in his regular work is already a third-party recordkeeper and based on this, the Schlicks have a right to file their petition to quash the summons served on him.

Under the statute § 7609(b)(2)(A), the United States may seek to compel compliance with the summons in the same proceeding as the motion to quash. In seeking to compel compliance, the IRS has the burden of persuasion with respect to the enforcement of the summons. This burden can be satisfied under the guidelines of *U.S. v. Powell,* 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964) because the new law did not change the substantive law governing enforcement of summonses. Under *Powell,* the government must show that 1) the investigation was conducted persuant to a legitimate purpose, 2) the inquiry may be relevant to the purpose, 3) the information sought is not already within the Commissioner's possession, and 4) the administrative steps required by the code have been followed. The response and the affidavit of the Government have established the *Powell* requirements.

The burden has shifted to the taxpayer to demonstrate substantial facts showing that a genuine issue exists. *U.S. v. Kis,* 658 F.2d 526 (7th Cir.1981). The taxpayers have not provided any facts which establish a material defense. The court in *U.S. v. Kis,* agreed with the approach of the Third Circuit in *U.S. v. Garden State National Bank,* 607 F.2d 61 (3d Cir.1979) which "requires that the taxpayer answer the Government's case through responsive pleadings, supported by affidavits, that allege *specific facts* in rebuttal." 658 F.2d 526, 539 (7th Cir.1981) (emphasis in original). The taxpayer has failed to do this in the case at hand. "If at this stage the taxpayer cannot refute the government's *prima facie Powell* showing or cannot factually support a proper affirmative defense, the district court should dispose of the proceeding on the papers before it and without an evidentiary hearing." Id. at 539. Accordingly, this court denies the Petition to Quash the summons issued to Lee Frank.

In summary, the Petition to Quash the summonses issued to Frederick D. Rawles is dismissed. The Petition to Quash the summons issued to Lee H. Frank is denied. Mr. Frank is ordered to comply with the summons served upon him within 30 days of the entry of this order.