**James C. BUCKNER, Petitioner,**

v.

**UNITED STATES of America, et al., Respondents.**

No. 84 C 1694.

United States District Court,
N.D. Illinois, E.D.

May 17, 1984.

James C. Buckner, pro se.

Linda Wawzenski, Asst. U.S. Atty., Chicago, Ill., for respondents.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiff James C. Buckner ("Buckner") has petitioned to quash the service of summons issued by the Internal Revenue Service ("IRS") to Barnard and Burk Plant Services Inc. ("Barnard and Burk").[1] Presently before the Court is the United States' motion to dismiss Buckner's complaint.[2] For reasons set forth below, the United States' motion is granted.

Section 7609 of Title 26 waives sovereign immunity and grants a right to sue the United States in the limited case of a petition to quash a summons. 26 U.S.C. § 7609(b)(2)(A). This right, however, is limited to "any person who is entitled to notice of a summons under subsection (a)." *Id.* Subsection (a) provides for notice to individuals who are named in summonses if the summons

---

1. The summons seeks
   [a]ll documents and records you possess or control that reflect wages paid to the above named individual/individuals for the years 1981 and 1982. These documents include, but are not limited to: Form W–2, Forms 1099 and any and all books, records, documents and receipts from but not limited to wages, salaries, tips, fees, commissions and any other compensation for services (including the receipt of property other than money). This includes any and all documents and records

pertaining to any income you have assigned to any other person or entity.

2. Pursuant to 26 U.S.C. § 7609(b)(2)(A), the United States may seek to compel compliance with a summons in proceedings to quash summonses. *See also, McTaggart v. United States,* 570 F.Supp. 547, 549 (E.D.Mich.1983). In the instant matter, however, the United States has not moved for enforcement of the summons to which Buckner objects.

is served on any person who is a third-party record keeper, and

(B) the summons requires the production of records made or kept of the business transactions or affairs of any person (other than the person summoned) who is identified in the description of the records contained in the summons...

26 U.S.C. § 7609(a)(1). Buckner's right to bring a proceeding to quash the summons thus hinges upon whether he is entitled to notice. This requires us to decide whether Barnard and Burk is a "third-party record-keeper".

According to the statute, a third-party recordkeeper is:

(A) any mutual savings bank, cooperative bank, domestic building and loan association, or other savings institution chartered and supervised as a savings and loan or similar association under Federal or State law, any bank (as defined in section 581), or any credit union (within the meaning of section 501(c)(14)(A));

(B) any consumer reporting agency (as defined under section 603(d) of the Fair Credit Reporting Act (15 U.S.C. 1681a(f)));

(C) any person extending credit through the use of credit cards or similar devices;

(D) any broker (as defined in section 3(a)(4) of the Securities Exchange Act of 1934 (15 U.S.C. 78c(a)(4)));

(E) any attorney;

(F) any accountant; and

(G) any barter exchange (as defined in section 6045(c)(3)).

26 U.S.C. § 7609(a)(3). Barnard and Burk does not fall within the purview of

§ 7609(a)(3), as it is not a financial institution, broker, attorney, accountant, and it does not extend credit.

Moreover, the summons in question does not seek third-party records, that is, data about transaction between Buckner and third parties. Rather, it seeks information concerning dealings between Buckner and Barnard and Burk, which are properly characterized as two-party records. Section 7609(a)(1) does not provide for notice where the records sought are those of the person summoned, as is the case here. As a result, Buckner lacks standing to quash the summons under § 7609(a). *Schlick v. United States,* 586 F.Supp. 433, 434 (N.D. Ill.1984); *Godwin v. United States,* 564 F.Supp. 1209, 1211 (D.Del.1983).[3]

Accordingly, the government's motion to dismiss Buckner's petition to quash is granted.[4] It is so ordered.

---

**3.** The legislative history of § 7609(a)(3) further supports this conclusion. As the Senate Report on this section observed, a summons upon a partnership concerning the partnership's own transactions would not fall within the statute. S.Rep. No. 94–938, 94th Cong.2d Sess. 369, U.S. Code Cong. & Admin.News 1976, p. 2897. As one court held,

[w]hen the records are kept for the taxpayer, the business is a third-party recordkeeper and the taxpayer is entitled to notice and interven-

tion in the proceedings ... when the records only relate incidentally to the taxpayer and are really kept for the purposes of the business, no third-party recordkeeper relationship exists and a taxpayer has no rights that would arise for such a relationship.

*United States v. Manchel, Lundy and Lessin,* 477 F.Supp. 326, 328–29 (E.D.Pa.1979).

**4.** Buckner's other objections to the summons are also lacking in merit.