**Caralyn S. DEAN, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Civ. No. A 84–237.**

United States District Court, D. Alaska.

Aug. 30, 1984.

Caralyn S. Dean, pro se.

## MEMORANDUM AND ORDER

FITZGERALD, Chief Judge.

This court issued an order on August 3, 1984 directing petitioner Caralyn Dean to show cause why this action should not be dismissed for lack of subject matter jurisdiction. Minute Order, August 3, 1984. Dean is petitioning to quash an Internal Revenue Service (IRS) summons directed to her employer from 1980–1983, Providence Hospital,[1] for various employment records relating to her. Petition to Quash, June 20, 1984. Dean has responded to this court's order to show cause, arguing that this court has subject matter jurisdiction over her action under 26 U.S.C. § 7609, which pertains to I.R.S. summonses directed to "third-party recordkeepers". Petitioner's Response to Order to Show Cause, August 17, 1984, p. 1. She argues that because the term "third-party recordkeeper" is defined in 26 U.S.C. § 7609(a)(3) to include "any accountant," and because the employment records relating to her which I.R.S. is seeking to obtain are "under [the] control" of Providence Hospital's Accounting Department, § 7609 authorizes her to petition this court to quash the I.R.S. summons and vests this court with subject matter jurisdiction over her action. *Id.* at 1–2; 26 U.S.C. § 7609(a)(3)(F). I cannot agree.

Not every I.R.S. summons which directly or indirectly requires an account-

---

1. It is not clear from the record in this case whether Dean continues to be employed by Providence Hospital.

ant to turn over financial records triggers the procedural protections of 26 U.S.C. § 7609. A business or corporation that "retain[s] an accountant for purposes of maintaining its own business records" but which "is not engaged in the business of [performing] accounting [services]" for others does not automatically constitute a third-party recordkeeper under § 7609(a)(3)(F). *Nuttleman v. Vossberg*, 585 F.Supp. 133, 136 (D.Neb.1984); *see also Donaldson v. United States*, 400 U.S. 517, 530–531, 91 S.Ct. 534, 542–543, 27 L.Ed.2d 580 (1971). Otherwise every corporation or employer that utilizes the service of accountants would be a third-party recordkeeper under the Internal Revenue laws.

 Unless an accountant is involved in a direct accountant-client relationship with an individual, he is not considered a third-party recordkeeper vis-a-vis that individual under § 7609. *See Schlick v. United States*, 586 F.Supp. 433, 434–435 (D.Ill. 1984). Petitioner Dean is plainly not in an accountant-client relationship with the Accounting Department of Providence Hospital. Therefore, Dean cannot claim that the Hospital's Accounting Department constitutes a third-party recordkeeper under § 7609.

Dean's claim that she has a right to bring this action under the general terms of Article III of the U.S. Constitution is also without merit. *See* Petitioner's Response, p. 3; *see generally Donaldson v. United States*, 400 U.S. 517, 91 S.Ct. 534, 27 L.Ed.2d 580.

For these reasons, I DISMISS petitioner Dean's action for lack of subject matter jurisdiction.

ORDERED ACCORDINGLY.