William J. **TABAR**, Petitioner,

v.

**UNITED STATES of America,**
**Respondent.**

No. 91–C–1165 G.

United States District Court,
D. Utah, C.D.

March 17, 1992.

William J. Tabar, pro se.

David J. Jordan, U.S. Atty., Salt Lake City, Utah, Robert P. McIntosh, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for U.S.

REPORT & RECOMMENDATION

BOYCE, United States Magistrate Judge.

Petitioner filed an "Amended Petition Re: I.R.S. Summons" seeking an order to quash an Internal Revenue Service Collection Summons. Subsequently, respondent filed a motion to dismiss the petition on the ground that this court lacks subject matter jurisdiction and that the petition fails to state a claim upon which relief may be granted pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure. (File entry # 6.) Petitioner then filed a Cross Motion for Summary Judgment and respondent filed an opposition. (File entries ## 9 & 12, respectively.) The case was referred to the magistrate judge under 28 U.S.C. § 636(b)(1)(B) and is presently before the court on respondent's motion to dismiss and petitioner's motion for summary judgment.

R. Colleen Arrington is an IRS revenue officer assigned to collect petitioner's federal income tax liability for the tax period ending December 31, 1989. (Decl. of Arrington ¶ 2, file entry # 8.) On November 14, 1991, Ms. Arrington personally served petitioner with an IRS Collection Summons. (*Id.* ¶ 5.) The summons directed petitioner to appear, give testimony, and produce for examination books, records, papers, and other data relating to the collection of his tax liability. (*Id.* ¶ 4; IRS Collection Summons attached to Decl. of Arrington.)

■ Petitioner seeks an order quashing the summons pursuant to 26 U.S.C. § 7609(b) on the grounds of (1) insufficient notice, (2) insufficient time to bring this action, and (3) the third-party summons was not issued to a third-party recordkeeper. He invokes the jurisdiction of this court under 26 U.S.C. § 7609(h)(1). Section 7609(h)(1) provides that the district court for the district in which the person to be summoned resides has jurisdiction to hear and determine proceedings brought under section 7609(b)(2), (f), or (g). However, none of these subsections applies to the summons served upon petitioner.

Subsection (b)(2), which permits a taxpayer to begin a proceeding to quash an IRS summons, applies only to a summons served on a third-party recordkeeper, as defined in section 7609(a)(3), for records of the business transactions and affairs of a person other than the summoned party. 26 U.S.C. § 7609(a)(1), (b)(2); *Godwin v. United States*, 564 F.Supp. 1209, 1211 (D.Del. 1983). In the instant case, the summons was served on petitioner himself, not on a third-party recordkeeper. Therefore, subsection (b)(2) does not apply to this case.

Subsections (f) and (g) are likewise inapplicable because they also apply only to third-party summonses. Subsection (f) relates to John Doe summonses. Subsection (g) provides that no notice is required where the court determines that there is reasonable cause to believe that notice may lead to attempts to interfere with the investigation, such as the destruction of records. Consequently, subsection (h)(1) does not confer jurisdiction upon this court to entertain a petition to quash the summons served upon petitioner. *See Krzyske v. United States*, 578 F.Supp. 1366, 1367 (E.D.Mich.1984) (district court had no jurisdiction to quash where summons was not served on third-party recordkeeper).

■ Moreover, since the summons is not directed to a third-party recordkeeper, petitioner lacks standing to quash the summons under section 7609. *Godwin v. United States*, 564 F.Supp. at 1211; *Buckner v. United States*, 585 F.Supp. 564, 565 (N.D.Ill.1984). Accordingly, the petition should be dismissed.

Respondent has asked for an award of its costs in this matter. However, the arguments advanced by petitioner appear to be the result of an erroneous interpretation of the law by an unrepresented individual. Under the circumstances, the magistrate judge finds that the petition is not so frivolous as to justify an award of costs. *See Krzyske v. United States*, 578 F.Supp. at 1368 (declining to award costs and attorney's fees on similar facts).

### RECOMMENDATION

This court does not have jurisdiction under 26 U.S.C. § 7609(h)(1) to entertain a petition to quash the summons served on petitioner. Furthermore, since subsection (b) applies only to summonses served on third-party recordkeepers, petitioner does not have standing to quash the summons. Accordingly, respondent's motion to dismiss should be granted; petitioner's motion for summary judgment should be denied; and respondent's request for costs should be denied.

Copies of this Report and Recommendation are being mailed to the parties, who are hereby notified that they have the right to object to the Report and Recommendation. The parties are further notified that they must file any objections to the Report and Recommendation within ten (10) days after receiving it.