Donald R. PYLAR, et al., Petitioners,

v.

UNITED STATES of America, Respondent.

No. 4:92–MC–04.

United States District Court, W.D. Michigan, S.D.

Aug. 17, 1993.

Daniel J. Henry, Jr., Robert G. Lewandowski, Gary S. Gondek, KLH, PC, St. Clair Shores, MI, for petitioners.

Michael W. Davis, U.S. Dept. of Justice, Tax Div., Washington, DC, for defendant.

## OPINION

ROBERT HOLMES BELL, District Judge.

This matter is before the Court on a petition filed pursuant to 26 U.S.C. § 7609(b) to quash 5 Internal Revenue Service ("IRS") summonses and the cross motion of the United States filed pursuant to 26 U.S.C. § 7609(h) for summary denial of the petition to quash and for enforcement of the summonses.

On November 16 and 19, 1992, Petitioners were served with 5 IRS summonses issued in the matter of John R. Crookston. The summonses requested that certain information be presented to the Internal Revenue Service on November 24 and 27, 1992.

Petitioners filed their petition on November 23, 1992. They claimed the summonses did not allow sufficient time for them to review and compile the requested records. They also noted that "there may be legitimate legal defenses to producing some or all of the information requested" on grounds such as Fifth Amendment privilege, attorney-client privilege, overbreadth or relevancy.

Petitioners invoke the jurisdiction of this court under section 7609(h) of the Internal Revenue Code, which provides that the United States district court for the district within which the person to be summoned resides or is found shall have jurisdiction to hear and determine any proceeding brought under subsection (b)(2), (f), or (g). 26 U.S.C. § 7609(h). Petitioners contend that this is a proceeding under § 7609(b)(2).

To be entitled to institute proceedings to quash the summonses under § 7609(b)(2), Petitioners must be third-party recordkeepers as that term is defined in § 7609(a)(3). *Krzyske v. United States,* 578 F.Supp. 1366, 1367 (E.D.Mich.1984). Respondents contend that petitioners are not third-party record keepers and that the

Court accordingly does not have jurisdiction over the petition to quash.

Petitioners are Donald R. Pylar, Kalamazoo Supply Company, Inc., Architectural Roof Tile, Inc., John R. Crookston Roofing, Inc. and Lansing Wholesale Supply, Inc. They do not claim that they are accountants or that they meet the definitions of any of the other enumerated categories of third-party recordkeepers established by § 7609(a)(3). They are not financial institutions, brokers, attorneys, or accountants, and they do not extend credit. *See Buckner v. United States,* 585 F.Supp. 564, 565 (N.D.Ill. 1984).

Petitioners contend, however, that they may be categorized as "accountants" because they have provided certain services to John R. Crookston which could be construed as "accounting" services, such as receipting money, paying expenses, and keeping certain records and notations that are similar to bookkeeping or accounting services.

The Court is aware of no cases dealing with the precise issue of whether activities "in the nature" of accounting services are sufficient to bring Petitioners within the definition of third-party recordkeepers under the statute. The Court concludes, however, that Petitioners' argument is not consistent with a plain reading of the statute. Under the statute, a third-party recordkeeper includes "any accountant". It does not include those who are not accountants but do activities in the nature of accounting services.

Since Petitioners are not third-party recordkeepers, subsection (h)(1) does not confer jurisdiction upon this court to entertain a petition to quash the summonses served upon them. *Krzyske,* 578 F.Supp. at 1367; *Tabar v. United States,* 142 F.R.D. 343, 344 (D.Utah 1992). Petitioners have failed to identify any other statutory source of authority which provides this Court with Power to quash the IRS summons. Accordingly, the petition will be dismissed for lack of jurisdiction.

■ Although the Court does not have jurisdiction over the petition to quash, in any proceeding to quash an IRS summons the United States may seek to compel compliance with the summons in the same lawsuit. 26 U.S.C. § 7609(b)(2)(A).

In support of its enforcement motion the government has filed the Declarations of Special Agent Alan R. Ferguson, the IRS agent who issued the summonses and who is conducting the IRS tax investigation. The declarations establish that they were issued in furtherance of an investigation into the tax liability of John R. Crookston for the years 1987, 1988 and 1989, that the information sought is relevant to this purpose, that the information is not already in the IRS's possession, and that the administrative steps required for an IRS summons have been followed.

These declarations are sufficient to establish a *prima facie* case for enforcement of the summonses. *See United States v. Powell,* 379 U.S. 48, 58, 85 S.Ct. 248, 255, 13 L.Ed.2d 112 (1964); *United States v. Abrahams,* 905 F.2d 1276, 1280 (9th Cir.1990).

■ Once the government has established a *prima facie* case of enforceability, the burden shifts to the contesting parties to demonstrate substantial facts showing that a genuine issue exists as to any material defense. *McTaggart v. United States,* 570 F.Supp. 547, 549 (E.D.Mich.1983) (citing *United States v. Will,* 671 F.2d 963 (6th Cir.1982)). A party opposing an IRS summons must come forward with specific facts, under oath, demonstrating that a triable issue exists on a legally sufficient defense, in order to justify an evidentiary hearing. *Godwin v. United States,* 564 F.Supp. 1209, 1215 (D.Del.1983), and cases cited therein.

■ Petitioners have come forward with nothing more than speculation that they might have a valid defense. They merely state that they *may* have Fifth Amendment privileges and the attorney-client privilege *may* apply to the documents summoned. Petitioners have not identified the specific documents they find problematic and have produced no sworn evidence showing the existence of a genuine issue as to any material defense. The Court does not find the summonses overly broad.

Petitioners having failed to produce any justification warranting discovery or an evi-

dentiary hearing on the issue of enforcement, the Court will enter an order enforcing the summonses.

An order consistent with this opinion will be entered.

### ORDER

In accordance with the opinion entered this date,

**IT IS HEREBY ORDERED** that the Petition to Quash Summons (Docket # 1) is **DENIED.**

**IT IS FURTHER ORDERED** that the Motion for Summary Denial of Petition to Quash, and for Enforcement of IRS Summonses (Docket # 4) is **GRANTED.**

**IT IS FURTHER ORDERED** that Petitioners shall have 10 days in which to comply with the summons.