Peter COLLORAFI and Jeanine
Collorafi, Petitioners,

v.

UNITED STATES of America and Commissioner of the Internal Revenue Service, Respondents.

No. CV 83–1383.

United States District Court,
E.D. New York.

Dec. 2, 1983.

Adrienne L. Flipse, Williston Park, N.Y., for petitioners.

Raymond J. Dearie, U.S. Atty., E.D.N.Y., Brooklyn, N.Y., Thomas B. Roberts, Asst. U.S. Atty., Brooklyn, N.Y., James M. Shaker, Tax Div., Washington, D.C. (of counsel), for respondents.

*Memorandum of Decision and Order*

MISHLER, District Judge.

On March 17, 1983, two lawsuits were filed in this court (CV 83–1033 and CV 83–1034). These two lawsuits have been dismissed today (see opinions in CV 83–1033 and CV 83–1034). Petitioners allege that because of these two lawsuits the government retaliated by initiating criminal proceedings against the petitioners. The summonses were allegedly issued to obtain financial information against petitioners to support the ongoing criminal investigation. Five of the summonses were issued to banks and one was issued to American Airlines, Inc., Peter Collorafi's employer. The government does not challenge the motion to quash the five summonses issued to the banks. Instead, it moves to dismiss the summons issued to American Airlines, Inc. on the ground that American Airlines is not a "third-party recordkeeper."

DISCUSSION

26 U.S.C. § 7609(a) provides that when the Internal Revenue Service serves a summons on a third party, that third party must produce "any portion of records made or kept of the business transactions or affairs of any person (other than the person summoned) who is identified in the description of the records contained in the summons." 26 U.S.C. § 7609(a)(1)(B). The issue before this court is whether American Airlines, Inc. is a third-party recordkeeper within the meaning of 26 U.S.C. § 7609.

Section 7609(a)(3) provides that seven categories of persons are "third-party recordkeepers": (a) banks; (b) consumer reporting agencies; (c) persons extending credit through credit cards or similar devices; (d) brokers; (e) attorneys; (f) ac-

countants; and (g) barter-exchanges. Petitioners' best argument, which they do not make, is that American Airlines, Inc. extends credit through credit cards or similar devices.

In *United States v. New York Telephone Co.*, 682 F.2d 313 (2d Cir.1982) the United States Court of Appeals for the Second Circuit confronted a similar problem. In that case, the Internal Revenue Service served the New York Telephone Company ("telephone company") with a summons seeking production of the billing records for three telephone numbers used by Marilyn Sheldon who was under investigation. Sheldon argued "that she had standing to intervene because the telephone company is a 'third-party recordkeeper' which extends credit through the use of credit cards or similar devices. She made this claim although she conceded that she was not the holder of a telephone credit card, and that none of the billing records requested included records of telephone calls charged with a credit card." *Id.* at 315.

The court noted that although the statute does not define either "credit cards" or "similar devices" it had held in an earlier case that "the Telephone Company extends credit by means of credit cards, and is thus a 'third-party recordkeeper' within the plain meaning of § 7609(a)(3)(C)." *Id.* at 316 (quoting *United States v. New York Telephone Co.*, 644 F.2d 953, 957 (2d Cir.1981). The court held that "where, as here, the telephone company extends credit to customers through the use of credit cards and, additionally, extends similar credit by other means to both its credit cardholders and non-credit cardholders, the records of all such similar credit transactions with its customers, whether or not they were effected through the use of a credit card, are ones as to which a taxpayer had standing to intervene in an action to enforce a third-party summons." *Id.* at 318.

■ American Airlines, Inc., like New York Telephone Co., extends credit through the use of credit cards when people purchase tickets. The government, however, is not seeking production of petitioners' travel transactions. Rather, it is seeking production of books and records concerning the employment of the petitioner, Peter Collorafi. As such, American Airlines, Inc. is not a third-party recordkeeper within the meaning of § 7609(a)(3)(C) and *United States v. New York Telephone Co.*, 682 F.2d 313 (2d Cir.1982). *See also United States v. Manchel, Lundy & Lessin*, 477 F.Supp. 326, 329 (E.D.Pa.1979); *United States v. Ohio Bell Telephone Co.*, 475 F.Supp. 697 (N.D.Ohio 1978); *United States v. Exxon Co.*, 450 F.Supp. 472 (D.Md.1978).

■ The government has asked for attorney's fees for the preparation of this motion. We do not find that petitioner's request in this case rises to the standard described in *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 258–59, 95 S.Ct. 1612, 1622, 44 L.Ed.2d 141 (1975) and we decline to award attorney's fees. We also reject petitioners' assertion that the summonses were issued in bad faith. The mere temporal proximity between the petitioner's appearance on radio shows and the issuance of the summonses is not enough to demonstrate bad faith.

CONCLUSION

The motion to dismiss the petition to quash the summons issued to American Airlines, Inc. for the production of books and records concerning the employment of Peter Collorafi is granted. American Airlines, Inc. is directed to comply with the summons immediately.

SO ORDERED.