Gerald J. RAPP and Mary H. Rapp,
Petitioners-Appellants,

v.

COMMISSIONER OF INTERNAL REV-
ENUE, Respondents-Appellees.

No. 84–7490.

United States Court of Appeals,
Ninth Circuit.

Submitted May 24, 1985.*

Decided Oct. 18, 1985.

* The panel unanimously finds this case suitable for decision without oral argument.   Fed.R.

App.P. 34(a) and Ninth Circuit Rule 3(f).

Gerald J. Rapp, Mary H. Rapp, Anchorage, Ark., for petitioners-appellants.

Steven Parks, Washington, D.C., for respondents-appellees.

Before BARNES, FARRIS and CANBY, Circuit Judges.

CANBY, Circuit Judge:

Gerald and Mary Rapp appeal a decision of the Tax Court granting the Commissioner's motion for summary judgment on the Rapps' petition for redetermination of tax deficiencies and additions to tax, and denying their motion to suppress notices of deficiency and certificates of assessment. We affirm.

### A. Motion to Suppress

The IRS, pursuant to 26 U.S.C. § 7602, is authorized to examine records and issue summonses for the purpose of determining the tax liability of any individual. When an IRS summons is served on a "third-party record keeper," the taxpayer to whom the records named in the summons relate is entitled to notice of the summons, and may institute a proceeding to quash the summons or intervene in the enforcement proceeding. 26 U.S.C. §§ 7609(a) and (b). The Rapps contend that the Tax Court erred in denying their motion to suppress the notices of deficiency and Certificates of Assessments and Payments because the IRS failed to notify them of the issuance of two of the summonses. The contention is without merit.

■ "Third-party records" are those containing data about transactions between the taxpayer and parties other than the summoned party. *See Buckner v. United States,* 585 F.Supp. 564, 565 (N.D.Ill.1984). The two summonses in question were issued to Alaska Helicopters Inc., and Ocean Technology Ltd., and sought records pertaining to Gerald Rapp's employment and transactions between him and the summoned parties. These are not "third-party records" within the meaning of section 7609. *See United States v. Income Realty and Mortgage Inc.,* 612 F.2d 1224, 1225–26 (10th Cir.1979), *cert. denied,* 446 U.S. 952, 100 S.Ct. 2918, 64 L.Ed.2d 809 (1980) (forms W–2, W–4 and 1099 and checks paid to and on behalf of taxpayer are not the type of records contemplated by section 7609); *Collorafi v. United States,* 579 F.Supp. 508, 509 (E.D.N.Y.1983) (taxpayer not entitled to notice of summons seeking production of records pertaining to his employment). Accordingly, the notice provision of section 7609 is inapplicable. *See United States v. Berg,* 636 F.2d 203, 206 (8th Cir.1980); *Buckner,* 585 F.Supp. at 565; *see also United States v. Manchel, Lundy & Lessin,* 477 F.Supp. 326, 328–29 (E.D.Pa.1979) (where records are maintained by the summoned business for its own purposes, even though they relate incidentally to the taxpayer, no third-party record keeper relationship exists and the taxpayer is not entitled to notice of a summons seeking such records); *United States v. Exxon Co. U.S.A.,* 450 F.Supp. 472, 476–77 (D.Md.1978) (records involving contractual relations between taxpayer and summoned corporation are not subject to the notice requirement of section 7609).

Moreover, neither Alaska Helicopters nor Ocean Technology appears to fit within the narrow statutory definition of "third-party recordkeepers" set forth at 26 U.S.C. § 7609(a)(3)(A) through (G).[1] Accordingly, because neither of the summoned parties were "third-party record keepers" within the meaning of section 7609(a)(3), and because the records in question were not the type of records contemplated by that section, the Rapps were not entitled to notice of the summonses.

■ The Rapps next contend that the Tax Court erred in denying their motion to suppress because, although they were given notice of the summons issued to the First National Bank of Anchorage, they were not informed of the proceeding that the Commissioner instituted to enforce the summons. Title 26 U.S.C. §§ 7609(b)(1) and (2) provide that a party entitled to notice of a third-party summons has the right to institute a proceeding to quash the summons or intervene in the enforcement proceeding. Although their right to intervene could not be exercised if they were not notified of the proceeding, the Rapps have not alleged any concrete prejudice resulting from the failure to receive notice.[2]

### B. Summary Judgment

The Rapps contend that the Tax Court erred in granting summary judgment be-

---

1. The Rapps' contention that section 7609 applies because the summons was issued to "C.A. Ellwood, Chief Accountant for Alaska Helicopters," is meritless. The record is devoid of any evidence indicating that either C.A. Ellwood or Alaska Helicopters acted as Gerald Rapp's accountant or was summoned in that capacity. Thus, the notice requirement of section 7609 does not apply. *Cf. United States v. Manchel, Lundy & Lessin,* 477 F.Supp. 326, 328–29 (E.D. Pa.1979) (section 7609 inapplicable where summons directed to law firm sought records pertaining to taxpayer's employment because firm was not summoned as an "attorney" within the contemplation of the definition of third party recordkeeper).

2. It is likely that even if the IRS had notified the Rapps of the enforcement proceeding, they would have been unable to prevent the bank from complying with the summons because the release of the records in question would not have violated any of the Rapps' constitutional rights. *See United States v. Miller,* 425 U.S. 435, 444, 96 S.Ct. 1619, 1624–25, 48 L.Ed.2d 71 (1976) (depositor has no expectation of privacy in bank records relating to his accounts); *Kelley v. United States,* 536 F.2d 897, 898–99 (9th Cir.1976), *cert. denied,* 429 U.S. 1047 (1977) (IRS summons directing bank to produce records of transactions pertaining to taxpayer did not invade taxpayers' fourth or fifth amendment interests).

cause their petition for redetermination raised triable issues as to the accuracy of the Commissioner's deficiency assessment. We disagree.

■ The Commissioner's deficiency determination is normally entitled to a presumption of correctness. *Delaney v. Commissioner*, 743 F.2d 670, 671 (9th Cir.1984); *see also Adamson v. Commissioner*, 745 F.2d 541, 547 (9th Cir.1984); *United States v. Stonehill*, 702 F.2d 1288, 1293 (9th Cir. 1983), *cert. denied,* — U.S. —, 104 S.Ct. 1440, 79 L.Ed.2d 761 (1984). However, the presumption arises only where it is supported by some substantive evidence that the taxpayer received unreported income. *Delaney*, 743 F.2d at 671; *Edwards v. Commissioner*, 680 F.2d 1268, 1270 (9th Cir.1982); *Weimerskirch v. Commissioner*, 596 F.2d 358, 360 (9th Cir.1979). Once the Government has carried its initial burden of introducing some evidence linking the taxpayer with income-producing activity, the burden shifts to the taxpayer to rebut the presumption by establishing by a preponderance of the evidence that the deficiency determination is arbitrary or erroneous. *Adamson*, 745 F.2d at 547; *Delaney*, 743 F.2d at 671.

■ The record on appeal contains the deficiency notices, summonses to banks and other third parties, Forms 4089, 2210 and 1040 prepared by the IRS, and other documents showing the calculations upon which the IRS based the deficiencies. While these records reflect that the IRS had before it information linking the Rapps with income-producing activities, including employment, the sale of their residence, and involvement in a business, that underlying information does not itself appear in the record. The Rapps, however, did not attack the presumption of correctness of the Commissioner's determination on the ground that there was no linking of the Rapps with income-producing activity. Indeed, their petition alleges as one ground of error that the Commissioner failed to consider or allow for "legitimate and proper deductions." The connection between the Rapps and income-producing activity is sufficiently acknowledged to permit the presumption of correctness to attach to the Commissioner's determination. The Rapps' characterization of the assessments as "arbitrary" is not sufficient to overcome that presumption. *See Parkinson v. Commissioner*, 647 F.2d 875, 876 (9th Cir.1981).

■ The district court also correctly rejected the Rapps' argument that the three year statute of limitations imposed by 26 U.S.C. § 6501(a) bars the assessment of taxes. The deficiency assessments were not barred because the Rapps failed to file returns for the years for which the deficiencies were assessed. Where no returns have been filed, taxes may be assessed at any time. *Edwards v. Commissioner*, 680 F.2d at 1269; 26 U.S.C. § 6501(c)(3).

■ The Rapps' claim to deductions and exemptions raises no triable issue as to the correctness of the Commissioner's assessments. The taxpayer has the burden of proof to substantiate claimed deductions. *Zmuda v. Commissioner*, 731 F.2d 1417, 1421 (9th Cir.1984); *cf. United States v. Zolla*, 724 F.2d 808, 809–10 (9th Cir.), *cert. denied,* — U.S. —, 105 S.Ct. 116, 83 L.Ed.2d 59 (1984) (Commissioner need not make any factual showing in support of a deficiency determination based on the disallowance of deductions). The determination that the taxpayer has failed to produce sufficient evidence to support a deduction is one of fact, subject to reversal only if clearly erroneous. *Zmuda*, 731 F.2d at 1421. Here, the Tax Court did not err in finding that the Rapps failed to establish their entitlement to deductions and exemptions.

■ Nor did the Tax Court err in sustaining the Commissioner's assessment of penalties and additions to tax under 26 U.S.C. §§ 6651(a), 6653(a) and 6654. The IRS' assessment of a negligence penalty under section 6653 is presumed to be correct. *Delaney*, 743 F.2d at 672. The taxpayer has the burden of showing that the assessment is erroneous. *Zmuda*, 731 F.2d at 1422; *Hall v. Commissioner*, 729 F.2d 632, 635 (9th Cir.1984). The Rapps presented no evidence that their failure to file or report their income was due to anything other than negligence or disregard of the tax laws.

The Tax Court also correctly sustained the imposition of penalties under section 6651 for failure to file returns. In the Tax Court and on appeal, the Rapps state without explanation that they are not required to file returns. Such conclusory statements raise no triable issue as to the Rapps' liability for penalties for failure to file. *Cf. Edwards v. Commissioner*, 680 F.2d at 1271 n. 2 (penalties under section 6651 upheld where taxpayers relied on their interpretation of the Constitution in not filing returns). The Rapps' challenge to section 6651 as unconstitutionally vague fails for lack of standing. *See Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 495, 102 S.Ct. 1186, 1191–92, 71 L.Ed.2d 362 (1982) (plaintiff who engages in conduct that is clearly proscribed cannot attack vagueness of law generally).

Finally, the addition to tax provided by section 6654(a) was correctly assessed because the Rapps failed to establish that they fit within any of the exceptions listed in that section. *See Grosshandler v. C.I.R.*, 75 T.C. 1 (1980).

### C. Due Process

The Rapps contend that they were denied due process because the IRS and the Tax Court refused to address their constitutional arguments, and because the Tax Court did not review the process by which the Commissioner assessed the deficiency. The contention is meritless.

In the interest of resolving the Rapps' case prior to a court hearing, the IRS inquired whether the Rapps would be interested in attending an appeals conference in order to present documentary evidence in opposition to the asserted deficiency. The IRS stated that settlement of the case would be unlikely if the Rapps intended to present only constitutional, religious,

moral, or political objections to the assessed deficiency. In response, the Rapps requested the IRS to answer a series of frivolous questions. *See Albertson v. Subversive Activities Control Board*, 382 U.S. 70, 79, 86 S.Ct. 194, 199, 15 L.Ed.2d 165 (1965); *Edwards v. Commissioner*, 680 F.2d at 1270. The failure to address these questions did not deny the Rapps due process.[3]

Nor were the Rapps denied due process by the Tax Court. They had a full opportunity to present their case, and submitted a memorandum in opposition to summary judgment and a motion to suppress. The Tax Court addressed whatever meritorious issues they raised. Accordingly, the judgment of the Tax Court is AFFIRMED.

---

**3.** The Rapps also contend that the IRS acted outside the scope of its congressional mandate and violated their constitutional rights by refusing to answer a series of letters posing various questions. The contention is frivolous. The IRS has no such obligation. *See generally*

*American Assn. of Commodity Traders v. Department of Treasury*, 598 F.2d 1233 (1st Cir.1979) (except where required by Internal Revenue Code, letter rulings issued as matter of IRS discretion).