955 F.2d 47
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Charles T. LAND, Petitioner-Appellant,
v.
COMMISSIONER INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 90-70475.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 13, 1992.*
Decided Feb. 19, 1992.
 
 Before CANBY, WILLIAM A. NORRIS and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Charles Land appeals pro se the tax court's decision affirming the Commissioner of Internal Revenue's ("CIR") additions to tax pursuant to sections 6651, 6653, 6654, and 6661 of the Internal Revenue Code ("Code") for the tax years 1980 through 1984.[1] See U.S.C. §§ 6651(a), 6653(a), 6654, and 6661. Land contends that the tax court erred by finding that Land's attempt to contact the Internal Revenue Service ("IRS") Ombudsman for advice on how to claim a charitable contribution to the Church of Scientology did not merit reversal of the CIR's imposition of penalties for failure to file tax returns. Land also contends that the tax court erred by denying his request for a continuance. We have jurisdiction over appeals from the tax court under 26 U.S.C. § 7482, and we affirm.
 
 
 3
 We review the tax court's rulings of law de novo. Vakasovich, Inc. v. Commissioner, 790 F.2d 1409, 1413 (9th Cir.1986). The tax court's findings of fact are reviewed for clear error. Baxter v. Commissioner, 816 F.2d 493, 495-96 (9th Cir.1987).
 
 I. Section 6651(a)
 
 4
 Section 6651 of the Code provides for an addition to tax for failure to file a required tax return unless the taxpayer can show that "such failure is due to reasonable cause and not due to willful neglect." 26 U.S.C. § 6651(a). The addition is to be five percent of the amount of tax for each month the taxpayer fails to file a return up to a maximum of twenty-five percent. Id. Reliance on "misguided constitutional beliefs" is not reasonable cause for purposes of section 6651 additions to tax. Edwards v. Commissioner, 680 F.2d 1268, 1271 n. 2 (9th Cir.1982).
 
 
 5
 Land contends that reasonable cause justified his failure to file tax returns because under Garner v. United States, 424 U.S. 648 (1976), filing returns would result in a waiver of his first Amendment right to deduct charitable contributions he made to the Church of Scientology. Land's reliance on Garner is misplaced because Garner does not excuse a failure to file returns on any basis, and held only that a taxpayer's fifth amendment privilege against compulsory self-incrimination is not violated if the taxpayer makes incriminating disclosures on tax returns. See id. at 665. Thus, because Land failed to show reasonable cause for his failure to file tax returns, additions to tax under section 6651 were properly imposed. See Edwards, 680 F.2d at 1271 n. 2.[2]
 
 II. Section 6653(a)
 
 6
 Section 6653(a) of the Code provides for an addition to tax of five percent of the amount of underpaid tax if such underpayment was due to the taxpayer's negligence or disregard of the rules or regulations. 26 U.S.C. § 6653(a). We review for clear error the tax court's finding that a taxpayer is liable for a negligence penalty under section 6653(a). Collins v. Commissioner, 857 F.2d 1383, 1386 (9th Cir.1988). "The Commissioner's decision to impose negligence penalties is presumptively correct," and the taxpayer has the burden of proving that an underpayment does not come under the terms of section 6653(a). Id.; Hansen v. Commissioner, 820 F.2d 1464, 1469 (9th Cir.1987). For purposes of section 6653(a), negligence is the "lack of due care or failure to do what a reasonable person would do under the circumstances." Neely v. Commissioner, 85 T.C. 934, 947 (1985). Negligence also is defined as "any failure to make a reasonable attempt to comply with [the Code]." 26 U.S.C. § 6653(a)(3).
 
 
 7
 Although Land was aware that he was required to file tax returns and pay income tax on his wages, he contends that he was not negligent in failing to do so because he attempted unsuccessfully to contact the IRS Ombudsman concerning his charitable contributions. The tax court found that Land was negligent under section 6653(a) because his duty to file returns was not excused by his failure to contact the IRS Ombudsman, and because of his deliberate falsification of the number of his dependents to prevent withholding from his wages. Under these circumstances, we conclude that the tax court did not clearly err by finding Land liable for additions to tax under section 6653(a).[3]
 
 III. Section 6654(a)
 
 8
 Section 6654(a) of the Code provides for an addition to tax for a taxpayer's failure to make estimated income tax payments unless the taxpayer shows that one of the statutory exceptions applies. 26 U.S.C. § 6654(a) & (e); Rapp v. Commissioner, 774 F.2d 932, 936 (9th Cir.1984).
 
 
 9
 Here, the section 6654(a) addition to tax was properly assessed because Land failed to show that any of the listed exceptions applied. See Rapp, 774 F.2d at 936.
 
 IV. Section 6661
 
 10
 Section 6661 provides that "[i]f there is a substantial understatement of income tax for any taxable year, there shall be added to the tax an amount equal to 25 percent of the amount of any underpayment attributable to such understatement." 26 U.S.C. 6661(a). "The Secretary may waive all or any part of the addition to tax provided by this section on a showing by the taxpayer that there was reasonable cause for the understatement (or part thereof) and that the taxpayer acted in good faith." 26 U.S.C. § 6661(c).
 
 
 11
 The tax court found that Land failed to present any evidence to carry his burden of showing that the section 6661(a) addition to tax was inapplicable. Land contends that he is not liable for additions to tax under section 6661(a) because he was unable to determine how to preserve his first amendment rights thereby justifying his failure to file returns. Because this contention, standing alone, is insufficient to establish reasonable cause for the understatement, we find no error in the tax court's conclusion that the section 6661(a) addition to tax applies in this case. See Edwards, 680 F.2d at 1271 n. 2.
 
 V. Request for Continuance
 
 12
 Land contends that the tax court denied him his Fifth Amendment right to due process of law by denying his request for a continuance.
 
 
 13
 We review decisions of the tax court on the same basis as decisions in civil bench trials in district court. Mayors v. Commissioner, 785 F.2d 757, 759 (9th Cir.1986). We review the district court's denial of a continuance for clear abuse of discretion. United States v. Torres-Rodriguez, 930 F.2d 1375, 1383 (9th Cir.1991). The district court "clearly abuses its discretion only if denial of the continuance was arbitrary or unreasonable." Id. When the request for a continuance is denied, reversal is not warranted unless, at a minimum, the appellant shows that the denial of his request caused prejudice. United States v. Flynt, 756 F.2d 1352, 1358 (9th Cir.), amended on other grounds, 764 F.2d 675 (1985). We have found prejudice only when the denial of a continuance prevented the appellant from presenting a material part of his case. See id. at 1361.
 
 
 14
 Here, on May 24, 1990, the tax court set October 23, 1990 as the date for trial. Land thus had ample time to prepare his case. Furthermore, our review of the record does not indicate that the denial of the continuance resulted in any prejudice to Land by preventing him from presenting a material part of his case. Accordingly, the tax court did not clearly abuse its discretion by denying Land's request for the continuance. Cf. Flynt, 756 F.2d at 1358-62 (district court clearly abused its discretion where denial of continuance prevented defendant from presenting his only defense).
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Prior to trial, the parties stipulated that there were no deficiencies for the tax years 1983 and 1984
 
 
 [2]
 Because there were no deficiencies for the tax years 1983 and 1984, the tax court properly determined that under section 6651(a)(1), the additions to tax for those years are $100 respectively
 
 
 [3]
 As the tax court correctly noted, because there are no deficiencies for the tax years 1983 and 1984, Land is liable for additions to tax under section 6653(a) only for the tax years 1980 through 1982