968 F.2d 1220
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Paul BEFUMO, Petitioner-Appellant,
v.
COMMISSIONER INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 91-70649.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 8, 1992.*
Decided July 13, 1992.
 
 Before POOLE, BEEZER and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Paul Befumo appeals pro se the tax court's decision upholding the Commissioner of Internal Revenue Service's determination of deficiencies and additions to taxes for tax years 1985 and 1986. We have jurisdiction pursuant to 26 U.S.C. § 7482(a). We review the tax court's conclusions of law de novo and its findings of fact for clear error. Collins v. Commissioner, 857 F.2d 1383, 1385 (9th Cir.1988). We affirm.
 
 
 3
 The Commissioner determined deficiencies in taxes against Befumo in the amount of $1,756 for tax year 1985 and $934 for tax year 1986. The Commissioner also assessed additions to taxes pursuant to 26 U.S.C. §§ 6651(a)(1), 6653(a)(1) & (2). Befumo filed a timely petition for redetermination in tax court asserting that he had filed returns and paid the taxes for the years in question, there were no further taxes owing, he was not negligent and therefore the additions were not warranted, and the deficiency for tax year 1985 was barred by the statute of limitations. After trial, the tax court upheld the deficiencies and additions to taxes.
 
 
 4
 Befumo contends that the deficiency for 1985 was barred by the statute of limitations.[1] The Commissioner must assess a deficiency within three years after the return was filed. 26 U.S.C. § 6501(a); Rapp v. Commissioner, 774 F.2d 932, 935 (9th Cir.1985). If the taxpayer fails to file a return, however, the Commissioner may assess a deficiency at any time. 26 U.S.C. § 6501(c)(3); Rapp, 774 F.2d at 935. Here, the evidence and testimony at trial support the tax court's conclusion that Befumo did not file a return for tax year 1985. Accordingly, the tax court correctly found the deficiency assessment was not barred by the statute of limitations. See 26 U.S.C. § 6501(c)(3); Rapp, 774 F.2d at 935.
 
 
 5
 On appeal, Befumo contends that the tax court prevented him from presenting his argument regarding the Paperwork Reduction Act, 44 U.S.C. § 3512, by threatening him with sanctions, and that this violated his first and fifth amendment rights. Befumo indicated that he intended to challenge the taxes on the ground that the instructions which accompany Form 1040 did not contain Office of Management and Budget ("OMB") numbers as required by the Paperwork Reduction Act. The tax court informed Befumo that it considered this argument frivolous and that if Befumo pursued it at trial, he would be sanctioned. Befumo did not pursue this argument at trial, and no sanctions were imposed.
 
 
 6
 We review the tax court's decision regarding imposition of sanctions for abuse of discretion. Larsen v. Commissioner, 765 F.2d 939, 941 (9th Cir.1985). The tax court has discretion to impose sanctions on a taxpayer who asserts a frivolous position in a proceeding before tax court. 26 U.S.C. § 6673; Grimes v. Commissioner, 806 F.2d 1451, 1454 (9th Cir.1986). The failure to include OMB numbers on the instructions which accompany 1040 Forms does not preclude penalties for failure to file a return. See United States v. Hicks, 947 F.2d 1356, 1359 (9th Cir.1991). Thus, the district court correctly concluded that any argument regarding OMB numbers on instructions for 1040 Forms was frivolous. See id. Accordingly, the district court did not abuse its discretion by warning Befumo that such an argument would be frivolous and would warrant sanctions. See Larsen, 765 F.2d at 941.
 
 
 7
 The Commissioner requests sanctions against Befumo for bringing this appeal. This court has discretion to impose damages against litigants, even pro se, as a sanction for bringing a frivolous appeal. Fed.R.App.P. 38; 28 U.S.C. § 1912; Wilcox v. Commissioner, 848 F.2d 1007, 1008-09 (9th Cir.1988) ($1,500 sanction imposed on pro se litigant for bringing a frivolous appeal). An appeal is frivolous if the results are obvious or the arguments of error are wholly without merit. Wilcox, 848 F.2d at 1009. Befumo's claims are wholly without merit. Accordingly, we impose $500 damages as a sanction.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Befumo does not raise any arguments regarding the additions to taxes in his opening brief. Accordingly, these issues are deemed abandoned. See Wilcox v. Commissioner, 848 F.2d 1007, 1008 n. 2 (9th Cir.1989)