9 F.3d 1550
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kenneth M. BAKER, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 92-70392.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 7, 1993.*
Decided Nov. 4, 1993.
 
 1
 Before: HALL and RYMER, Circuit Judges, and FITZGERALD,** Senior District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Kenneth Baker appeals the tax court's judgement in favor of the Commissioner of Internal Revenue (Commissioner) that in 1985 Baker failed to report $60,000 of income from the manufacture and sale of synthetic heroin. We affirm the tax court.
 
 
 4
 * Beginning in the early 1980's, Kenneth Baker began to manufacture a chemical compound having properties similar to heroin. By the summer of 1984 this compound became known under the street name China White. Baker was arrested and on May 26, 1987, Baker pled nolo contendere to aiding and abetting in the misbranding of drugs in violation of 21 U.S.C. §§ 331(k) and 333(a) (1984) and 18 U.S.C. § 2 (1979).
 
 
 5
 Believing that Baker had unreported income from China White sales, the Commissioner undertook to determine Baker's income using the specific item method of income reconstruction. This method is appropriate. The Commissioner determined that Baker sold eight pounds of China White per month, that China White sold for $15,000 per pound, and that he received a one-third share of the proceeds. Baker was then allowed a $99,990 deduction for the cost of goods sold, resulting in a tax deficiency of $52,000, including interest and penalties.
 
 
 6
 On February 8, 1988, Baker filed a petition challenging the Commissioner's findings of fact as erroneous and contending that he had reported all his income in his 1985 return. Tax Court Judge Gerber found that Baker in fact sold four pounds of synthetic heroin per month in the five months prior to his arrest. The court also found that $25,000 per pound was a reasonable price for the compound and that Baker received a forty percent share of the proceeds. These figures were based upon the evidence submitted before the court. Thus, Baker's gross receipts for China White sales totaled $200,000.[1] The tax court allowed a $100,000 deduction for the cost of goods sold and reduced Baker's tax liability by the amount of income actually declared, $40,000, resulting in unreported income of $60,000.
 
 
 7
 Based upon these computations Judge Gerber concluded that there were additional amounts were due in the form of penalties. He concluded that a sum of $7,707.05 was due under I.R.C. § 6653(b)(1) for underpayment attributable to fraud and the amount of $3,853.53 was due under I.R.C. § 6661 for substantial understatement. This appeal followed.
 
 II
 
 8
 The Commissioner's deficiency determination is normally entitled to a presumption of correctness. Delaney v. Commissioner, 743 F.2d 670, 671 (9th Cir.1984). However, the presumption only arises where it is supported by some substantial evidence that the taxpayer received unreported income. Weimerskirch v. Commissioner, 596 F.2d 358, 360 (9th Cir.1979). Once the government has carried its initial burden of introducing some evidence linking the taxpayer with some income producing activity, the burden shifts to the taxpayer to rebut the presumption of evidence that the deficiency determination is arbitrary or erroneous. Rapp v. Commissioner, 774 F.2d 932, 935 (9th Cir.1985).
 
 
 9
 The Tax Court agreed with the Commissioner that the deficiency determination was correct and established by the evidence. Baker maintains on appeal that he earned no unreported income from China White sales. The Tax Court relied upon the following evidence in determining that Baker had unreported income from China White sales: (1) testimony by Gibbons, an associate; (2) an undercover agent's purchase of half an ounce of China White for $2,500 from one of Baker's associates; (3) the arrest of Baker immediately following his delivery of eight pounds of China White to Jones; (4) the large amount of cash in Baker's possession; and (5) the existence of an active lab used for the manufacture of the compound. Baker's business was run in a completely clandestine manner, employing false names and circumventing ordinary business practices. Rather than relying on banks, Baker chose to keep large amounts of cash in the trunk of his car. We find this ample evidence to conclude that Baker received income which went unreported. Baker produces no evidence with which to overcome the validity of the Tax Court's findings. Income reconstruction need only be reasonable in light of surrounding circumstances and facts. Bradford v. Commissioner, 796 F.2d 303, 306 (9th Cir.1986). We find the Tax Court findings to be correct.
 
 III
 
 10
 Baker argues that since he had no unreported income, penalties are inapplicable. Review of a finding of fraud under § 6653(b) is a question of fact, reversible only if clearly erroneous. Edelson v. Commissioner, 829 F.2d 828, 832 (9th Cir.1987). Factual determinations involving § 6661 for substantial underpayment are reversible only if clearly erroneous. Norgaard v. Commissioner, 939 F.2d 874, 877 (9th Cir.1991).
 
 
 11
 * The Commissioner has the burden of proving that a portion of an underpayment is attributable to fraud by clear and convincing evidence. 26 U.S.C. § 7454(a); Rowlee v. Commissioner, 80 T.C. 1111, 1123 (1983). This burden may be met by a showing that the taxpayer intended to evade tax through conduct exhibiting intent to conceal, mislead, or otherwise prevent the collection of taxes. Powell v. Grundquist, 252 F.2d 56, 60 (9th Cir.1958); Rowlee, 80 T.C. at 1123. Under 26 U.S.C. § 6653(b), a fifty percent penalty for fraud involving substantial wrongdoing by a taxpayer with specific intent to avoid a tax known to be owing may be proved by circumstantial evidence since direct proof of intent is rarely available. Bradford, 796 F.2d at 307. In determining fraudulent intent, courts have used the following "badges of fraud": (1) understatement of income; (2) inadequate records; (3) failure to file tax returns; (4) implausible or inconsistent explanations of behavior; (5) concealing assets; (6) failure to cooperate with tax authorities; and (7) engaging in illegal activities and dealing in large amounts of cash. Bradford, 796 F.2d at 307-308.
 
 
 12
 The evidence before the Tax Court made clear that a portion of Baker's 1985 tax underpayment was attributable to fraud. Baker's 1985 tax returns showed partnership income from bogus real property transactions. Baker admitted in court that this income was actually payment for sales of China White. Baker failed to maintain adequate tax records for the 1985 tax year. Baker used numerous fictitious names in conducting business. Baker admitted to keeping large amounts of cash in the trunk of his car out of fear that depositing the money in a bank would be reported to the government. Considering all of these factors the Tax Court correctly assessed $7,707.05 against Baker for attempting to evade taxes by means of fraud.
 
 
 13
 26 U.S.C. § 6661(a)[2] provides for a 25 percent penalty for the substantial understatement of income tax. An understatement is considered substantial if it exceeds either 10 percent of the tax owing or $5,000. Baker makes no effort to overcome the burden placed upon him, and given the other findings of the Tax Court which we affirm, the substantial understatement of tax penalty should be upheld. This sum totaled $3,853.53.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable James M. Fitzgerald, Senior United States District Judge for the District of Alaska, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Tax Court's findings were as follows:
 $ 25,000 selling price per pound
 x .40 Baker's share of each pound sold
 $ 10,000
 x 4 number of pounds sold each month
 $ 40,000
 x 5 number of months in 1985 prior to arrest
 $ 200,000 gross receipts
 
 
 [2]
 Section 6661(a) is now repealed and is redrafted in the Internal Revenue Code as section 6662(a)