15 F.3d 1085
 73 A.F.T.R.2d 94-633
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David HOAG, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 92-70461.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1993.*
Decided Dec. 20, 1993.
 
 Before: SNEED, NOONAN, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 David Hoag appeals pro se the tax court's decision upholding the Commissioner of Internal Revenue's ("Commissioner") determination of a deficiency in Hoag's income tax due for the tax year 1987. The Commissioner determined a deficiency against Hoag on the ground he failed to report as income on his 1987 income tax return a California state income tax refund and a pension distribution he received in 1987. The tax court also upheld the Commissioner's imposition of additions to tax for negligence. We have jurisdiction pursuant to 26 U.S.C. Sec. 7482(a). We affirm.
 
 
 3
 * The Commissioner's deficiency determination was presumptively correct. See Rapp v. Commissioner, 774 F.2d 932, 935 (9th Cir.1985). Hoag had the burden of proving the determination incorrect. Id.
 
 
 4
 Hoag contends the tax court erred by upholding the Commissioner's deficiency determination based on his failure to report the state tax refund. This contention lacks merit.
 
 
 5
 Hoag does not dispute that in 1987 he received a refund of state income taxes Hoag paid in 1986. The refund was includable in Hoag's 1987 income because Hoag had taken an itemized deduction for his 1986 state income taxes. See 26 U.S.C. Sec. 111 ("[g]ross income does not include income attributable to the recovery during the taxable year of any amount deducted in any prior taxable year to the extent such amount did not reduce the amount of tax imposed by this chapter " (emphasis added)).
 
 
 6
 On appeal, Hoag does not challenge the tax court's finding that he failed to report his state tax refund but, rather, only challenges the tax court's finding that the amount of the refund was $614. The tax court settled on $614 as the correct amount because California state tax records showed that Hoag's refund was $614 and because neither Hoag nor the Internal Revenue Service ("IRS") could prove that any other amount was correct. Hoag continues to argue on various grounds that his refund was only $574 but the record does not contain any conclusive evidence to substantiate his argument. Because Hoag failed to carry his burden of proof, see Rapp, 774 F.2d at 935, the tax court did not err by upholding the Commissioner's deficiency determination to the extent it was based on Hoag's failure to report a state tax refund of $614.[1]
 
 
 7
 Hoag also contends that the tax court erred by upholding the Commissioner's deficiency determination based on his failure to report a pension distribution he received in 1987. This contention lacks merit.
 
 
 8
 In tax court, Hoag failed to present any evidence to prove that the Commissioner erred by determining a deficiency based on Hoag's failure to report the pension distribution. Because Hoag failed to carry his burden of proof, the tax court did not err by upholding the Commissioner's determination. See id.
 
 
 9
 On appeal, Hoag argues that the tax court failed to consider that the IRS breached a purported settlement agreement under which the IRS had agreed to obtain bank documents to verify Hoag's claim that he properly "rolled over" his pension distribution. Hoag apparently believes that this purported agreement relieved him of his legal burden of proving the Commissioner's deficiency determination incorrect.
 
 
 10
 We have not found in the record any conclusive evidence that shows the IRS agreed to obtain Hoag's bank records.[2] Even assuming arguendo that such an agreement exists, Hoag cites to no authority, nor are we aware of any, that suggests he could thereby avoid his legal burden of proof. See id.
 
 
 11
 Hoag also argues that the tax court erred by refusing to consider whether the Commissioner unduly delayed asserting the deficiency against Hoag. As the tax court found, the Commissioner determined Hoag's deficiency within the applicable limitations period. See 26 U.S.C. Sec. 6501; Charlton v. Commissioner, 990 F.2d 1161, 1162 (9th Cir.1993) (three-year limitations period under section 6501 commences on date tax return filed).
 
 
 12
 Finally, Hoag argues that the tax court should not have allowed this matter to proceed in light of the "misconduct" of counsel for the IRS. We have reviewed Hoag's evidence of this "misconduct" and conclude the tax court did not err on this issue.
 
 II
 
 13
 We review for clear error the tax court's decision to uphold the Commissioner's imposition of a negligence penalty under 26 U.S.C. Sec. 6653. Allen v. Commissioner, 925 F.2d 348, 353 (9th Cir.1991). Because the Commissioner's assessment of the penalty is presumptively correct, Hoag again had the burden of proving the Commissioner incorrect. Id. "Negligence under section 6653 is defined as the lack of due care or the failure to do what a reasonable and prudent person would do under similar circumstances." Id.
 
 
 14
 Hoag contends the tax court erred on this issue because he was confused about tax matters and because the court held him to higher standard than that of a "reasonable person". This contention lacks merit.
 
 
 15
 In tax court, Hoag raised issues regarding the amount of his state tax refund but offered no reason for his failure to report the refund on his tax return. Although he now argues that his income tax instruction book did not mention treatment of tax refunds, it would have been reasonable for Hoag to call the IRS or another tax expert for advice. See id.
 
 
 16
 As to Hoag's pension distribution, at the hearing on his petition for redetermination Hoag testified he did not know the name of the bank in which he purportedly deposited his pension distribution. He also testified he had not looked for his deposit records. When the tax court suggested that Hoag could have subpeonaed his records, Hoag avoided the suggestion by turning back to the purported settlement agreement. Hoag claims to have relied on an expert regarding the pension distribution, but the only person he apparently consulted was the pension administrator at his current place of employment. Hoag did not offer any evidence as to this person's qualifications in tax matters. See Allen, 925 F.2d at 354 (rejecting taxpayers' claim of reliance on expert advice because record did not show qualifications or expertise of alleged expert).
 
 
 17
 In light of this record, we conclude the tax court did not err by finding that Hoag negligently failed to report his state tax refund and his pension distribution. See id. at 353. Thus, the tax court did not err by upholding the Commissioner's imposition of a penalty for negligence.
 
 
 18
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We reject Hoag's contention that he should not be penalized for failing to report the tax refund because the law changed after he took the state tax deduction in 1986. Section 111(a) of Title 26, the section under which Hoag's refund was includable in income, has been in effect since well before these events took place. Hoag's objection to the tax court's reliance on the underreporter transcript also lacks merit. The tax court did not rely on that document in making its final determination
 
 
 [2]
 Hoag relies chiefly on a letter Hoag wrote and sent to IRS counsel purporting to memorialize settlement negotiations between Hoag and the IRS. Hoag wrote that the IRS agreed to "accept account numbers of trust fund deposits at Sanwa Bank as evidence ... but asked that [Hoag] provide written documentation if available as a courtesy" so that the IRS would not have to contact the bank directly. This statement does not show that IRS counsel agreed to obtain records from the bank on Hoag's behalf