42 F.3d 1402
 74 A.F.T.R.2d 94-6932
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Rudy G. STANKO, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 94-70047.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 1, 1994.*
Decided Nov. 4, 1994.
 
 Before: WALLACE, Chief Judge, GOODWIN and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rudy G. Stanko appeals pro se the tax court's dismissal for lack of prosecution of his petition for redetermination of income tax deficiencies and additions to tax asserted against him by the Commissioner of Internal Revenue for the tax years 1984 and 1985. We have jurisdiction to review final orders of the tax court under 26 U.S.C. Sec. 7482, and we affirm.
 
 
 3
 We review for abuse of discretion the tax court's decision to dismiss a case for failure to prosecute. Noli v. Commissioner, 860 F.2d 1521, 1527 (9th Cir.1988).
 
 
 4
 Rule 123(b) of the Tax Court Rules of Practice and Procedure provides that the tax court may dismiss a petition for failure to (1) prosecute properly, (2) abide by tax court rules, or (3) comply with a tax court order. Tax Ct.R. 123(b). "Although a court must explore meaningful alternatives prior to dismissing a case, it need not always exhaust every sanction short of dismissal before final action." Edelson v. Commissioner, 829 F.2d 828, 831 (9th Cir.1987).
 
 
 5
 Pro se litigants challenging the Commissioner's assessments must abide by the tax court's rules. See Carter v. Commissioner, 784 F.2d 1006, 1008-09 (9th Cir.1986). Tax Court Rule 149(b) provides that the tax court may dismiss a petition if the petitioner fails to present evidence on an issue on which the petitioner bears the burden of proof. Tax Ct.R. 149(b); Roat v. Commissioner, 847 F.2d 1379, 1383 (9th Cir.1988). Additionally, Tax Court Rule 70(a)(1) requires that "the parties attempt to attain the objectives of discovery through informal consultation or communication before utilizing the discovery procedures provided in these Rules." Tax Ct.R. 70(a)(1). Finally, "Tax Court Rule 91 requires the parties to stipulate, to the fullest extent possible, to all nonprivileged matters which are relevant to a pending case." Larsen v. Commissioner, 765 F.2d 939, 941 (9th Cir.1985) (per curiam); Tax Ct.R. 91.
 
 
 6
 The Commissioner's deficiency determination is entitled to a presumption of correctness if it is supported by some substantial evidence of a taxpayer's unreported income. Rapp v. Commissioner, 774 F.2d 932, 934 (9th Cir.1985). The burden then shifts to the taxpayer to produce evidence in tax court showing that the Commissioner's determination is incorrect. Edelson, 829 F.2d at 831. On appeal, we do not look behind the deficiency notice to question the Commissioner's motives and procedures leading to a determination. Clapp v. Commissioner, 875 F.2d 1396, 1401 (9th Cir.1989).
 
 
 7
 Here, after the Commissioner sent Stanko notices of deficiencies and additions to tax, Stanko filed a petition for redetermination of the deficiencies and additions to tax on November 4, 1991. Stanko designated Helena, Montana as the place for trial. The tax court set the matter for trial in Helena on June 22, 1992. On March 18, 1992, Stanko filed a motion to change the site for trial, which was granted. Trial was then set for February 8, 1993, in Denver, Colorado. Stanko filed a second motion to change the site for trial, seeking to move the trial back to Helena, Montana. This motion was denied.
 
 
 8
 Pursuant to the tax court's notice, the case was called for trial on February 8, 1993. Stanko failed to appear on that date and the Commissioner moved to dismiss the case for failure properly to prosecute. The tax court granted the Commissioner's motion and dismissed Stanko's petition as to the deficiencies and additions to tax, where Stanko had the burden of proof. The tax court then considered Stanko's liability as a transferee of the assets of Stanko's company, and held that the Commissioner met its burden of proof as to the transferee liability. Stanko timely appeals the tax court judgment.
 
 
 9
 Stanko contends that his right to due process was violated because his petition was dismissed without a trial.
 
 
 10
 We conclude that the tax court did not abuse its discretion by dismissing this case. Stanko failed to consult informally about his case with the Commissioner as required by Rule 70(a). He failed to enter into a stipulation of facts as required by Rule 91. Stanko did not meet to identify and exchange documents and materials fifteen days before the calendar call or provide the trial court with a status report or trial memorandum as required by the tax court's Standing Pre-Trial Order. By failing to appear for trial, Stanko did not sustain his burden of showing that the Commissioner's determinations were incorrect. See id. The fact that Stanko appeared pro se does not excuse his failure to comply with the tax court's orders and rules. Carter, 784 F.2d at 1008. Stanko also was warned that failure to obey a court order would result in dismissal of his case. See Edelson, 829 F.2d at 831.
 
 
 11
 Stanko argues, however, that he believed from a conversation with opposing counsel's secretary that his trial had been rescheduled for February 19, 1993. Stanko also argues that he was unable to prosecute the case because the Commissioner did not respond to his interrogatories, FOIA requests and subpoenas to obtain discovery about the basis for the deficiencies. Finally, Stanko argues that in reaching the deficiency assessment, the Commissioner failed to consider numerous deductions and wrongly applied a penalty for Stanko's failure to file his tax returns. We do not review the procedures leading to the deficiency determination. See Clapp, 875 F.2d at 1401. The tax court has as its purpose the redetermination of deficiencies, through a trial on the merits, following a taxpayer's petition. Id. at 1403. In view of Stanko's failure to cooperate in informal discovery under Rule 70(a), failure to submit a trial memorandum supporting his allegations, and multiple requests for change of trial venue, we cannot say that the tax court abused its discretion by dismissing Stanko's case under Rule 123(b) for failure properly to prosecute.[1] See Edelson, 829 F.2d at 831.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Stanko's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although Stanko's notice of appeal stated it was from the entire judgment of the tax court, on appeal Stanko does not challenge the tax court's conclusion that he was a transferee of Stanko Packing. Accordingly, Stanko has waived this issue. Zimmerman v. Bishop Estate, 25 F.3d 784, 788-89 (9th Cir.1994)