T.C. Memo. 2001-264

UNITED STATES TAX COURT

LEROY AND SHIRLEY COMBS, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9198-00.                    Filed October 3, 2001.

Leroy and Shirley Combs, pro sese.

<u>Dale A. Zusi</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

FOLEY, <u>Judge</u>:  By notice dated May 24, 2000, respondent determined a $298,992 deficiency, a $74,598 section 6651(a) addition to tax, and a $59,798 section 6662(a) penalty relating to petitioners' 1994 Federal income tax.  All section references are to the Internal Revenue Code in effect for the year in issue. The issues for decision are whether petitioners failed to report income for 1994 and are liable for a section 6651 addition to

tax, a section 6662 accuracy-related penalty, and a section 6673 penalty for advancing frivolous and groundless arguments.

FINDINGS OF FACT

Petitioners, husband and wife, resided in Fresno, California, at the time their petition was filed.

In 1994, petitioners created, and diverted their taxable income to, seven trusts. Petitioners funded the trusts with their real property and businesses, including rental properties, two day care centers, and a print shop. Payments for services rendered, rental income, and other funds were deposited in the trusts' bank accounts. Petitioners drew numerous checks on these accounts.

Petitioners, on May 30, 1997, filed their 1994 income tax return and reported no Federal income tax liability. U.S. Fiduciary Income Tax Returns for the taxable year 1994 were filed on June 24 and 25, 1997 for the seven trusts. Collectively, the trusts reported as their gross receipts all income earned by petitioners in 1994. In 2000, respondent audited petitioners 1994 return, reconstructed their income, disallowed their unsubstantiated deductions, determined income and self-employment tax deficiencies, and imposed a section 6651(a) addition to tax and a section 6662(a) penalty.

Petitioners failed to comply with this Court's April 27, 2001, Order to File Response to Request for Admissions and May 1,

2001, Order to Compel Responses to Interrogatories and Documents, and have made no meaningful attempt to participate in administrative proceedings, or the discovery process. At trial, respondent requested that the Court impose a penalty pursuant to section 6673. Despite several warnings by this Court, Mr. Combs persistently asserted why he believes taxes are unconstitutional.

## OPINION

At the outset, we note that petitioners failed to cooperate with respondent and as a result, pursuant to section 7491, have the burden of proof. Petitioners' primary contention is that respondent's determinations are not entitled to a presumption of correctness. We disagree.

Respondent's determinations were supported by substantive evidence that the taxpayer received unreported income. See Rapp v. Commissioner, 774 F.2d 932, 935 (9th Cir. 1985)(holding that once the Government introduces evidence linking the taxpayer with income producing activity, the burden shifts to the taxpayer to establish that the deficiency determination is arbitrary or erroneous); Weimerskirch v. Commissioner, 596 F.2d 358, 360-361 (9th Cir. 1979), revg. 67 T.C. 672 (1977); Petzoldt v. Commissioner, 92 T.C. 661, 687-690 (1989)(discussing Court of Appeals for the Ninth Circuit authorities). Petitioners had unfettered control of trust property. Petitioners had signatory authority over, and drew checks on, trust bank accounts. In

addition, petitioners resided in, encumbered, and sold real property they transferred to the trusts.  Respondent's determinations are not arbitrary or erroneous and are entitled to a presumption of correctness.

Petitioners diverted income from their businesses to several trusts.  These payments are ineffective assignments of income.  Thus, the diverted income is taxable to petitioners.  See Lucas v. Earl, 281 U.S. 111, 114-115 (1930); Finley v. Commissioner, 27 T.C. 413 (1956), affd. 255 F.2d 128 (10th Cir. 1958).  In addition, petitioners did not contest any of respondent's determinations (i.e., income determination, liability for self-employment tax, and liability for a section 6651 addition to tax and section 6662 penalty).  Accordingly, these determinations are sustained.  Welch v. Helvering, 290 U.S. 111, 115 (1933); Kasey v. Commissioner, 33 T.C. 656, 660 (1960).

Petitioners instituted these proceedings primarily for delay, repeatedly advanced frivolous and groundless arguments, and failed to comply with orders of this Court or cooperate with respondent.  Despite this Court's warnings, Mr. Combs persistently asserted frivolous constitutional arguments.  We, therefore, impose a $25,000 section 6673(a)(1) penalty.

Contentions we have not addressed are moot, irrelevant, or meritless.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for Respondent</u>.