**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

MAY 22 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

In RE: MALCOLM CURTIS; JUDITH CURTIS,

       Debtors.

--------------------------

MALCOLM CURTIS; JUDITH CURTIS, husband and wife, in their capacity as Debtors-in-Possession, as Trustee for this Bankruptcy Estate,

       Plaintiffs - Appellants,

  v.

UNITED STATES DEPARTMENT OF THE TREASURY; UNITED STATES INTERNAL REVENUE SERVICE,

       Defendants - Appellees.

No. 24-2566

D.C. Nos.
5:22-cv-01966-SSS
5:22-cv-02159-SSS

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Sunshine Suzanne Sykes, District Judge, Presiding

---

    \*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted May 20, 2025[]
Pasadena, California

Before: GRABER, WARDLAW, and JOHNSTONE, Circuit Judges.

Malcolm and Judith Curtis ("Debtors") bring two consolidated appeals associated with their Chapter 11 bankruptcy. Debtors challenge the bankruptcy court's pretrial sanctions and the court's final judgment sustaining the IRS's deficiency determination and tax assessment. We have jurisdiction pursuant to 28 U.S.C. § 1291. We "review[] a bankruptcy court decision independently and without deference to the district court's decision." *In re Point Ctr. Fin., Inc.*, 957 F.3d 990, 995 (9th Cir. 2020) (quoting *In re JTS Corp.*, 617 F.3d 1102, 1109 (9th Cir. 2010)). We affirm.

1. The bankruptcy court did not abuse its discretion by excluding Debtors' exhibits from trial. The court's trial procedures require a plaintiff to "file and submit to opposing counsel all exhibits comprising plaintiff's case in chief not later than twenty-eight days before the trial date." Debtors failed to comply with this deadline, filing their exhibits nine days before trial. The court found that Debtors lacked a good reason for the late filing and that the Government was prejudiced because it had to file its exhibits without first seeing Debtors' exhibits.

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We review a trial court's imposition of sanctions for abuse of discretion. *United States v. Sumitomo Marine & Fire Ins. Co.*, 617 F.2d 1365, 1369 (9th Cir. 1980). A bankruptcy court does not abuse its discretion when it excludes evidence that was not submitted pursuant to the court's specified procedures. *In re Gergely*, 110 F.3d 1448, 1452 (9th Cir. 1997). The court's exclusion of the exhibits was not "tantamount to dismissal," *Sumitomo Marine & Fire Ins. Co.*, 617 F.2d at 1369, because Debtors were still able to try their case through witness examination and could rely on the Government's exhibits.

2. The bankruptcy court did not clearly err in upholding the deficiency determination and tax assessment. To state a prima facie case for tax liability for unreported income, the Government must supply "some substantive evidence that the taxpayer received unreported income." *Rapp v. Comm'r*, 774 F.2d 932, 935 (9th Cir. 1985). Once the Government carries its initial burden, "the burden shifts to the taxpayer to rebut the presumption by establishing by a preponderance of the evidence that the deficiency determination is arbitrary or erroneous." *Id*.

In 2014, the IRS issued Debtors a notice of deficiency for the 2011 tax year. Debtors owned 80 percent of the stock of Simnat Global, Inc. ("Simnat"), an S-corporation. The IRS found that Simnat underreported its income. At trial, the Government substantiated this assessment with income reconstructions based on various methods, including by examining Simnat's bank account deposits. Each

method suggested that Simnat earned more income in 2011 than shown on Debtors' tax return. Because Simnat was an S-corporation its income is attributed to individual shareholders on a pro rata basis. *See Bufferd v. Comm'r*, 506 U.S. 523, 524–25 (1993) (citing 26 U.S.C. §§ 1366–1368). Simnat's unreported income thus is linked to Debtors as a matter of law. The court did not clearly err in finding that the Government met its initial burden.

In response, Debtors relied mainly on J. Curtis's testimony, which the bankruptcy court found not credible. *See McKay v. Comm'r*, 886 F.2d 1237, 1238 (9th Cir. 1989) (holding that credibility determinations are for the tax court to make). Debtors did not provide evidence proving that the Government's calculations were erroneous or arbitrary. So the court did not clearly err in finding that Debtors failed to meet their burden. *See Rapp*, 774 F.2d at 935.

**AFFIRMED.**