**Charles Y. CHOI; Jin Yi Choi, Petitioners,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

No. 02–74480.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 12, 2004.

Filed Aug. 10, 2004.

A. Jerry Busby, Phoenix, AZ, for the appellants.

Paula K. Speck, Department of Justice, Tax Division, Washington, DC, for the appellee.

Before SCHROEDER, Chief Judge, TALLMAN, and CALLAHAN, Circuit Judges.

SCHROEDER, Chief Judge:

Taxpayers, Charles Y. Choi and his wife Jin Yi Choi, appeal the Tax Court's determination that they underreported the income from their Arizona grocery store on their 1991 and 1992 federal tax returns and the imposition of a civil fraud penalty under 26 U.S.C. § 6663. It is undisputed that the Chois did not maintain adequate records for the store and that the Commissioner therefore was entitled to use an indirect method of reconstructing income to determine the amount of any deficiency. 26 U.S.C. § 446(b). The Commissioner used the "bank deposits plus cash expenditures" method of reconstructing income and assessed a deficiency of $59,106 for 1991 and $49,624 for 1992. The Commissioner found fraudulent intent and imposed a penalty. Indeed Mr. Choi, in 1996, pled guilty to criminal tax evasion for the 1992 tax year.

In challenging the deficiency and civil penalty determinations in the Tax Court, the Chois argued that the Commissioner was not allowed to use the "bank deposits plus cash expenditures" method to reconstruct their income. The Chois then provided expert testimony to establish that using a different method of reconstructing income, the Commissioner would not have found a deficiency for either tax year. They also challenged the fraud finding.

The Tax Court upheld the Commissioner's use of the "bank deposits plus cash expenditures" method of income reconstruction, rejected the Chois alternative method, and imposed a civil fraud penalty for 1991. The Tax Court ruled that Mr. Choi was barred by collateral estoppel from challenging the merits of the 1992 fraud penalty.

On appeal to this court, the principal challenge is to the use of the "bank deposits plus cash expenditures" method of income reconstruction. Under this method, gross income is derived by adding together all bank deposits made by the taxpayer during the tax year in question,

subtracting nontaxable amounts, and adding expenditures made from cash that was never deposited into the bank. *United States v. Brickey*, 289 F.3d 1144, 1152 (9th Cir.2002).

■ The Chois challenge the use of this method, arguing that the Commissioner did not properly subtract all nontaxable amounts. They contend that many of the bank deposits consisted of nontaxable amounts because the grocery store cashed payroll checks for its customers without charging a fee when the customer also purchased groceries. These checks were deposited into the grocery store's bank account. The portion of a check that was returned to a customer in cash is clearly not taxable income. Thus, the Commissioner could not permissibly include the full amount that was deposited into the store's bank account in the calculation of income. *See Kirsch v. United States*, 174 F.2d 595, 601 (8th Cir.1949).

The Commissioner, however, did not include all of the store's deposits in the calculation of the Chois' income. Rather, the Commissioner correctly subtracted "identifiable non-income" and properly presumed the remainder of the deposits were taxable income. *See Burke v. CIR*, 929 F.2d 110, 112 (2d Cir.1991).

As the Tax Court found, there were only two sources of cash that supplied the registers at the Chois' store: (1) cash from customers who bought groceries, and (2) cash returned from the store's bank account after checks were deposited. Any money received from the sale of groceries was clearly taxable. The only nontaxable activity that Taxpayers engaged in was the cashing of payroll checks for customers.

In 1991, the Chois deposited $2,066,381 into their bank account, none of it in cash. They then returned approximately $1,420,200 in cash to the register after processing the checks through their bank. Without additional cash entering the register from the sale of groceries, this $1,420,200 was the maximum amount available in the register to give to customers cashing payroll checks. Because they could only have cashed more than $1,420,200 in payroll checks if they received additional cash from customers who bought groceries, $1,420,200 is also the maximum amount of nontaxable money the Chois could have deposited into their bank account in 1991. The Commissioner properly subtracted the entire $1,420,200 from the calculation of the Chois' income.

We therefore affirm the Tax Court's holding that the use of the "bank deposits plus cash expenditures" method was proper because the Commissioner correctly subtracted "identifiable non-income." *Burke*, 929 F.2d at 112. We also affirm the Tax Court's ruling with respect to tax year 1992, which involved different dollar values but was computed in the same manner as tax year 1991 in all other respects.

■ We have reviewed similar challenges to the "bank deposits plus cash expenditures" method in appeals from criminal convictions, and upheld the use of that method. *See Brickey*, 289 F.3d 1144; *Percifield v. United States*, 241 F.2d 225 (9th Cir.1957). *A fortiori*, these authorities support our conclusion here. Where the taxpayer fails to maintain adequate records for the government to determine the amount of actual income, the government may use indirect methods to establish income including the "bank deposits plus cash expenditures" method.

■ The Tax Court also properly rejected the Chois' alternative method of reconstructing income, the percentage markup method. Under this method, income is derived by multiplying the cost of goods sold by a business by the calculated average percent markup. *See Bernstein v. CIR*, 267 F.2d 879, 880–81 (5th Cir.1959). The Tax Court gave no weight to the Chois' expert's testimony, which contained

a reconstruction of the Chois' income using this method, because the calculation of the cost of goods sold was not supported by adequate records of the Chois' inventory and because the calculation of percentage markup was based entirely on interviews with the Chois. The Tax Court's determination of the credibility of this expert witness and the weight to be given to his testimony must be affirmed because it is not clearly erroneous. *See DHL Corp. v. CIR*, 285 F.3d 1210, 1216 (9th Cir.2002); *Nor–Cal Adjusters v. CIR*, 503 F.2d 359, 362 (9th Cir.1974).

The Chois only challenge to the imposition of a civil fraud penalty under 26 U.S.C. § 6663 is that there was no underpayment for 1991 or 1992. Because we have upheld the Tax Court's determination that there was an underpayment in both years, we also uphold the imposition of the civil fraud penalty.

The judgment of the Tax Court is AFFIRMED.