MEMORANDUM **
Robert E. Kovacevich and Yvonne R. Kovacevich (“Petitioners”), husband and wife, appeal the decision of the United States Tax Court, upholding the Commissioner of Internal Revenue’s determinations of deficiencies in their 1992 and 1994 federal income taxes, and additions to tax in the form of a “negligence penalty” under 26 U.S.C. § 6662(b)(1).
Based on the record before us, we affirm the decision of the Tax Court in its entirety. With respect to Petitioners’ specific assignments of error, we find as follows:
1. The Tax Court did not clearly err in finding that Petitioners did not keep adequate records. Thus, the Commissioner’s use of the “specific item” method to reconstruct Petitioners’ income was appropriate. Choi v. Comm’r, 379 F.3d 638, 640 (9th Cir.2004).
2. The Commissioner’s deficiency determinations were properly entitled to a presumption of correctness because they were supported by specific evidence linking Petitioners to income producing activity (i.e., Mr. Kovacevich’s provision of legal services on behalf of Robert E. Kovacevich, P.S.). Rapp v. Comm’r, 774 F.2d 932, 935 (9th Cir.1985). This evidence consisted of the corporation’s tax returns and the Petitioners’ individual tax returns, plus bank account records and corporate ledgers that reflected “loans” made to Petitioners from the corporation in amounts greater than their reported income. Petitioners offer no evidence of their own to rebut this presumption; rather, they confine themselves to arguing, in the abstract, that the Commissioner’s assessment was “crude and arbitrary.” Accord Parkinson v. Comm’r, 647 F.2d 875, 876 (9th Cir.1981) (conclusory characterization of the Commissioner’s calculations as “arbitrary estimates” insufficient to overcome the presumption).
3. The Tax Court properly found that the amounts paid ($39,093) by Mr. Kovacevich to settle the lawsuit brought against him by his former client were deductible only as a “miscellaneous itemized deduction” on Schedule A, rather than as an “advertising expense” on Schedule C, due to Mr. Kovacevich’s status as a “statutory employee” of Robert E. Kovacevich, P.S. See 26 U.S.C. § 3121(d)(1). The services that Mr. Kovacevich performed for the corporation are virtually analogous to those performed by the attorney/officer in Van Camp & Bennion v. United States, 251 F.3d 862, 866 (9th Cir.2001), in that *564 Kovacevich “exercised sole authority to make major corporate decisions” such as paying creditors, signing checks, signing the corporation’s federal tax returns and drawing money from corporate accounts.
4. The Tax Court did not err in determining that Petitioners could not overcome the imposition of the 26 U.S.C. § 6662(b)(1) penalties by claiming that they relied in “good faith” on the advice of their outside accountants (Moe & Associates). Although this Court has explicitly recognized such a “good faith” defense, it is not applicable here, given Petitioner Robert E. Kovacevich’s reputation as a competent tax attorney and self-avowed expertise in the field of tax law. See, e.g., Collins v. Comm’r, 857 F.2d 1383, 1386 (9th Cir.1988).
5. The Tax Court did not err in determining that Petitioners could not overcome the imposition of the 26 U.S.C. § 6662(b)(1) penalties due to their disclosure of relevant facts on their Forms 8275, attached to their 1992 and 1994 returns. See 26 U.S.C. § 6662(d)(2)(B)(ii); 26 C.F.R. § 1.6662—4(f)(2). The penalties were assessed only as to the underreported compensation received by Robert Kovacevich from the professional services corporation and a Schedule C deduction taken for the depreciation of an automobile. Contrary to Petitioners’ assertions, there is no evidence in the record that Petitioners disclosed any facts pertaining to their tax treatment of these items. Rather, the Forms 8275 attached to Petitioners’ 1992 and 1994 returns simply explain that Robert Kovacevich believed that he changed his status vis-a-vis the corporation from that of an employee to that of an “independent contractor” (to justify the $39,043 settlement deduction) and attempt to justify an unrelated deduction for professional good will and furniture.
AFFIRMED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.