**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BONNIE LOU MacGREGOR, | No. 11-70693 |
| Petitioner - Appellant, | Tax Ct. No. 12150-08 |
| v. | |
| COMMISSIONER OF INTERNAL REVENUE, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from a Decision of the
United States Tax Court

Submitted December 19, 2012[**]

Before:    GOODWIN, WALLACE, and FISHER, Circuit Judges.

Bonnie Lou MacGregor appeals pro se from the Tax Court's decision

upholding the determination of deficiencies by the Commissioner of the Internal

Revenue Service ("IRS") with regard to MacGregor's federal income taxes for tax

years 2001-2005. We have jurisdiction under 26 U.S.C. § 7482(a). We review de

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

novo the Tax Court's legal conclusions and for clear error its factual findings. *Hardy v. Comm'r*, 181 F.3d 1002, 1004 (9th Cir. 1999). We affirm.

The Tax Court properly concluded that the IRS's use of bank deposits and cash expenditures to reconstruct MacGregor's income was appropriate, and that the IRS's deficiency assessment was presumed correct unless MacGregor produced evidence to rebut the calculations. *See Choi v. Comm'r*, 379 F.3d 638, 639-40 (9th Cir. 2004) (when a taxpayer fails to maintain or produce adequate records of income, the IRS may use indirect methods to determine tax liability); *Welch v. Comm'r*, 204 F.3d 1228, 1230 (9th Cir. 2000) (deposits are prima facie evidence of income, and it is taxpayer's burden to prove they are not taxable); *Hardy*, 181 F.3d at 1004 (deficiency determinations are entitled to presumption of correctness if IRS relies on "substantive evidence that the taxpayer received unreported income").

The Tax Court did not commit clear error in finding that MacGregor was not entitled to deductions for alleged marketing expenses and repayment of a loan because MacGregor offered no evidence to support the deductions. *See Sparkman v. Comm'r*, 509 F.3d 1149, 1159 (9th Cir. 2007) (taxpayer bears burden of "clearly showing" right to claimed deduction); *Welch*, 204 F.3d at 1230 (taxpayer must establish that income resulted from a nontaxable loan).

The Tax Court did not abuse its discretion in refusing to consider documents attached to MacGregor's post-trial brief purporting to show her additional investment in a partnership and that a settlement payment was reimbursement for medical expenses. *See* T.C. R. 143(c) (ex parte statements and unadmitted allegations do not constitute evidence); *Rivera v. Baker West, Inc.*, 430 F.3d 1253, 1257 (9th Cir. 2005) (to show that the personal injury exclusion applies, taxpayer must establish "a direct causal link between the damages and the personal injuries sustained" (citation and internal quotation marks omitted)); *Alexander Shokai, Inc. v. Comm'r*, 34 F.3d 1480, 1488 (9th Cir. 1994) (evidentiary rulings reviewed for an abuse of discretion).

Contrary to MacGregor's argument on appeal, the Tax Court did not err by failing to address arguments raised in her computation statement because the court had expressly addressed them in its memorandum of decision, and a computation statement "cannot be used to reopen the evidence." *Erhard v. Comm'r*, 46 F.3d 1470, 1480 (9th Cir. 1995).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985-86 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**