

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-56988 |
| Plaintiff - Appellee, | D.C. No. 3:08-cv-00151-JLS-NLS |
| v. | |
| ANDRE HELMS, as Administrator of the Estate of Tony J. Helms, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

Submitted March 4, 2014[**]
Pasadena, California

Before: FERNANDEZ and GRABER, Circuit Judges, and ZOUHARY,[***] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

[***] The Honorable Jack Zouhary, United States District Judge for the Northern District of Ohio, sitting by designation.

Defendant Estate of Tony J. Helms, the taxpayer who is now deceased, appeals the district court's grant of summary judgment in favor of the government. Reviewing de novo, Holmes v. Merck & Co., 697 F.3d 1080, 1082 (9th Cir. 2012), we affirm.

1.      The district court did not err by shifting the burden of proof to Defendant and affording the assessments a presumption of correctness. Rapp v. Comm'r, 774 F.2d 932, 935 (9th Cir. 1985). In the district court, Defendant failed to dispute that the government carried its initial burden under Palmer v. Commissioner, 116 F.3d 1309, 1312 (9th Cir. 1997), so that issue is waived. See O'Guinn v. Lovelock Corr. Ctr., 502 F.3d 1056, 1063 n.3 (9th Cir. 2007) (holding that arguments not raised before the district court generally are waived). Moreover, Defendant's challenge to the government's use of the bank records method to calculate its assessments is squarely foreclosed by our precedent. See Choi v. Comm'r, 379 F.3d 638, 639–40 (9th Cir. 2004) (upholding the bank records method of assessment as reasonable).

2.      No genuine issue of fact exists as to whether the assessments were arbitrary, excessive, or without foundation. Palmer, 116 F.3d at 1312. First, the record shows that the government properly assessed certain funds as income, and Defendant failed to provide clear evidence in support of his contention that the

funds were loans. Defendant's declaration is insufficient by itself to create a genuine issue of material fact. Hexcel Corp. v. Ineos Polymers, Inc., 681 F.3d 1055, 1063–64 (9th Cir. 2012). Second, the district court struck Defendant's proffered evidence in support of his contention that the government erred by recording certain deposits twice, and Defendant does not challenge that order on appeal. Third, Defendant's evidence in support of his contention that the government failed to account properly for certain business deductions failed to meet statutory standards of recordkeeping. See 26 U.S.C. §§ 162(a), 274(d). Fourth, Defendant failed to provide sufficient evidence that the employment taxes paid were not penalties, which are not deductible. See id. § 162(f). Fifth, with respect to his asserted deduction for interest paid on business loans, Defendant did not provide evidence that the loans in question were for business purposes and were not personal loans. See 26 C.F.R. § 1.163-9T(a) (disallowing a deduction for interest paid on personal loans). Finally, Defendant failed to establish ownership of the real properties as to which he claimed deductions as a real estate business expense, because he granted title to the properties to a third party.

**AFFIRMED.**