**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FEB 23 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RAGHVENDRA SINGH; KIRAN RAWAT, <br><br> Petitioners-Appellants, <br><br> v. <br><br> COMMISSIONER OF INTERNAL REVENUE, <br><br> Respondent-Appellee. | No. 17-71020 <br><br> Tax Ct. No. 11063-09 <br><br> MEMORANDUM[*] |

Appeal from a Decision of the
United States Tax Court

Submitted February 13, 2018[**]

Before: LEAVY, FERNANDEZ, and MURGUIA, Circuit Judges.

Raghvendra Singh and Kiran Rawat appeal pro se from the Tax Court's

decision, following a bench trial, upholding (1) the determination of deficiencies

by the Commissioner of the Internal Revenue Service ("IRS") regarding their

federal income taxes for tax years 1998, 1999, 2001, and 2002; and (2) the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

assessment of civil fraud penalties against Singh for tax years 1998, 2001, and 2002. We have jurisdiction under 26 U.S.C. § 7482(a)(1). We review de novo the Tax Court's legal conclusions, and for clear error its factual determinations. *Hongsermeier v. Comm'r*, 621 F.3d 890, 899 (9th Cir. 2010). We affirm.

The Tax Court properly concluded that the IRS's use of the bank deposit method to reconstruct Singh and Rawat's income was appropriate, and that the IRS's deficiency assessment was correct because Singh and Rawat failed to produce evidence to rebut the calculations. *See Choi v. Comm'r*, 379 F.3d 638, 639-40 (9th Cir. 2004) (when a taxpayer fails to maintain or produce adequate records of income, the IRS may use indirect methods to determine tax liability); *Welch v. Comm'r*, 204 F.3d 1228, 1230 (9th Cir. 2000) (deposits are prima facie evidence of income, and it is taxpayer's burden to prove they are not taxable); *Hardy v. Comm'r*, 181 F.3d 1002, 1004 (9th Cir. 1999) (deficiency determinations are entitled to presumption of correctness if IRS relies on "substantive evidence that the taxpayer received unreported income").

The Tax Court did not abuse its discretion in admitting Singh and Rawat's bank records and the summaries for said bank records. *See* Fed. R. Evid. 1006; *Alexander Shokai, Inc. v. Comm'r*, 34 F.3d 1480, 1488 (9th Cir. 1994) (standard of review); *Karme v. Comm'r*, 673 F.2d 1062, 1065 (9th Cir. 1982) (bank records admissible under hearsay exception due to their "circumstantial guarantees of

trustworthiness").

The Tax Court did not clearly err in finding that Singh and Rawat were not entitled to various alleged business deductions because they failed to offer evidence that clearly showed a right to the claimed deductions. *See Sparkman v. Comm'r*, 509 F.3d 1149, 1159 (9th Cir. 2007) (standard of review and noting that taxpayer bears burden of "clearly showing" right to claimed deduction).

The Tax Court did not clearly err in upholding civil fraud penalties under 26 U.S.C. § 6663(a) because Singh's underpayment of his tax liability in 1998, 2001, and 2002 was attributable to fraud. *See Alexander Shokai, Inc.*, 34 F.3d at 1487 (fraud may be inferred from circumstantial evidence, including such "badges of fraud" as understatement of income, inadequate records, and implausible or inconsistent explanations of behavior); *Edelson v. Comm'r*, 829 F.2d 828, 832 (9th Cir. 1987) (standard of review).

The Tax Court correctly determined that the statute of limitations did not bar the IRS from assessing the liabilities in question due to Singh's fraud. *See* 26 U.S.C. § 6501(c)(1); *Considine v. United States*, 683 F.2d 1285, 1288 (9th Cir. 1982) (there is no statute of limitations in the case of false or fraudulent return). Contrary to Singh and Rawat's contentions, laches or res judicata does not bar any action.

We do not consider Singh and Rawat's request for innocent spouse relief

17-71020

because the argument was raised for the first time in a post-trial motion to alter or amend the judgment, and Singh and Rawat fail to present any valid reason for not presenting the argument at trial. *See Beech Aircraft Corp. v. United State*s, 51 F.3d 834, 841 (9th Cir. 1995) (declining to consider issue raised in a post-judgment motion where issue could have raised at or before trial and there was no valid reason for not having done so).

We reject as meritless Singh and Rawat's contentions that their due process rights were violated and that the IRS committed fraud.

We do not consider matters not specifically and distinctly raised and argued in the opening briefs, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

17-71020