**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 1 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FRANCIS STEFFAN HAYES, | No. 20-71073 |
| Petitioner-Appellant, | Tax Ct. No.  12037-17 |
| v. | |
| COMMISSIONER OF INTERNAL REVENUE, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from a Decision of the
United States Tax Court

Submitted May 18, 2021**

Before:     CANBY, FRIEDLAND, and VANDYKE, Circuit Judges.

Francis Steffan Hayes appeals pro se from the Tax Court's decision,

following a bench trial, upholding the Commissioner of Internal Revenue's

("IRS") determination of deficiencies and additions, after concessions, for tax

years 2005 through 2009.  We have jurisdiction under 26 U.S.C. § 7482(a)(1).  We

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

review de novo the Tax Court's conclusions of law and for clear error its factual findings. *Meruelo v. Comm'r*, 691 F.3d 1108, 1114 (9th Cir. 2012). We affirm.

The Tax Court properly upheld the IRS's deficiency and additions determination because the IRS presented "some substantive evidence" that Hayes failed to report income, and Hayes failed to show that "the deficiency was arbitrary or erroneous." *Hardy v. Comm'r*, 181 F.3d 1004, 1004-05 (9th Cir. 1999); *see also* I.R.C. § 6651(a)(1)-(2), § 6654.

The Tax Court properly concluded that the IRS's use of the "specific items" method to reconstruct Hayes's income was appropriate, and that the substitute returns were valid. *See* I.R.C. § 6020(b) (authorizing IRS to prepare substitute tax return where taxpayer fails to file timely return and stating that such substitute return is "prima facie good and sufficient for all legal purposes"); *Choi v. Comm'r*, 379 F.3d 638, 639-40 (9th Cir. 2004) (when a taxpayer fails to maintain or produce adequate records of income, the IRS may use indirect methods to determine tax liability); *United States v. Marabelles*, 724 F.2d 1374, 1377 n.1 (9th Cir. 1984) (describing specific items method).

The Tax Court did not abuse its discretion by denying Hayes's motions for discovery because the denials did not cause actual and substantial prejudice. *See*

26 U.S.C. § 7482(a)(1) (Tax Court decisions reviewed in same manner as decisions from district courts in civil cases); *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (providing standard of review and grounds for reversing district court discovery decisions (citation and internal quotation marks omitted)).

We reject as meritless Hayes's contentions that the Tax Court lacked jurisdiction, that the Tax Court judge was biased against him, and that the IRS erred in its application of 26 C.F.R. § 301.6020-1.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Hayes's motion to file a late reply brief (Docket Entry No. 29) is granted. The Clerk will file Hayes's reply brief submitted at Docket Entry No. 30.

**AFFIRMED.**